## EDGAR v. STATE.

### (*Jackson.*    June 8, 1896.)

1. CRIMINAL PRACTICE.  *Motion to quash.*

    A motion to quash an indictment, that states no specific grounds, will be disregarded.  (*Post, p. 691.*)

2. INDICTMENT.  *For false personation of another.*

    An indictment under § 5621 (M. & V.) Code, making it a felony to falsely personate another in any legal proceeding whereby the latter's rights or interests are affected, is sufficient, which avers the fact of such false personation in a suit pending in a Court of competent jurisdiction, and all the facts connected therewith, without stating more particularly how such - son's rights or interests might be thereby affected.  (*I* *691, 692.*)

    Code construed: § 5621 (M. & V.); § 4820 (T. & S.).

3. FALSE PERSONATION.  *What constitutes.*

    The false personation of one person by another in a divorce suit against the former, by accepting service of process in such suit, in which a judgment *prima facie* regular and legal is rendered against defendant, "affects" the interests of the latter, even though such judgment is void or voidable for fraud upon the Court and the person so personated, within § 5621 (M. & V.) Code, making it a felony to falsely personate another in any legal proceeding in which his interests are in any way affected.  (*Post, pp. 692–695.*)

    Code construed: § 5621 (M. & V.); § 4820 (T. & S.).

    Cases cited: Gettys v. Gettys, 3 Lea, 260; Chaney v. Bryan, 15 Lea, 589.

---

### FROM SHELBY.

---

Appeal from Second Circuit Court of Shelby County.  L. P. COOPER, J.

PETERS, ROBERTS & NORFLEET for Edgar.

Attorney-general PICKLE for State.

BEARD, J. The indictment in this case charges that plaintiff in error, in a certain proceeding instituted in the Second Circuit Court of Shelby County, by Annie C., against her husband, R. B. Davidson, for divorce, "did falsely, fraudulently, and feloneously personate the said R. B. Davidson and accept and receive from the officer charged with the execution of process, service of the same, together with a copy of the bill filed in said cause, with the intent then and there to prejudice the interest of said R. B. Davidson." On the trial he was found guilty of the offense charged, and was sentenced to confinement for the term of five years in the penitentiary of the State. He has appealed to this Court, and has assigned a number of errors upon the action of the trial Judge.

1. It is insisted that his motion to quash the indictment should have been sustained. To this it is sufficient to say that this motion, failing, as it did, to state the ground on which it was rested, was properly overruled.

2. After the trial a motion in arrest of judgment was made and overruled. This, it is urged, was error. The indictment in this case was founded on § 5621 of the (M. & V.) Code, and it is argued that it failed to set out the statutory offense, in omitting, as it did, to state how the false person

ation by plaintiff in error would or could affect the right or interest of R. B. Davidson. This offense is complete with the false personation of a party in a suit instituted in a Court of competent jurisdiction, and when the State charges the act itself, and all the facts connected therewith, in the indictment which is preferred, it has done everything that good pleading requires or the defendant has a right to demand. This was done in the indictment in question.

3. It is assigned for error that the lower Court declined to grant a new trial on the facts disclosed in the evidence, as it is insisted they failed to make out a crime under this statute.

These facts are, briefly, as follows: Mrs. Davidson, the plaintiff in the divorce suit, some months prior to its institution, deserted her husband in Lexington, Ky., where they had lived for a number of years. Soon thereafter she migrated to Oklahoma, thence to Kansas City, and from that place came to Memphis, in this State, reaching there about two weeks prior to filing her divorce petition in the Second Circuit Court of Shelby County. About the same time, and by some unexplained coincidence, the plaintiff in error, who was also a citizen of Lexington, Ky., appeared in Memphis and began his suit for divorce, against his wife, in the same Court. In the petition of Mrs. Davidson she alleges her marriage to her husband in 1884, and that immediately thereafter they moved to Chattanooga, where they lived

together until two years prior to the institution of her suit, when she came to Memphis, where she had continuously resided since; she also alleged a number of grounds which, under the statute, if proven and her averment of citizenship had been true, would have entitled her to a divorce *a vinculo*.

This petition was verified by the oath of Mrs. Davidson, as is required by our statutes, and it was the process issued, in accordance with its prayer, which was served by the Sheriff on the plaintiff in error. Within a few weeks after its institution, the Circuit Judge, discovering that in this proceeding a fraud on the jurisdiction of the Court had been perpetrated, ordered it to be, and it was, dismissed. It is now urgently contended that these facts fail to make out a crime under the statute in question, because in no way would any right or interest of Davidson (the husband) be affected by any decree that might have been rendered in that cause. In other words, it is insisted that as the decree pronounced in that cause would be void, as held in *Gettys* v. *Gettys*, 3 Lea, 260, it cannot be properly said that it would in any way touch the interests of the husband. It may be conceded that the decree would be void, so that in any collateral proceeding the husband might show this, yet it does not follow that it would nowise affect him. Upon its face it would be a good decree. The Court in which the suit was brought had jurisdiction over divorce causes, the petition contained all proper

jurisdictional averments, and the process upon the face of the officer's return was served upon the right defendant. It is true that Davidson might contest the decree therein rendered, by showing the fraud on the jurisdiction of the Court in procuring it (*Chaney* v. *Bryan*, 15 Lea, 589), yet, *prima facie*, it would be a regular and legal judgment, and the onus would be on him to show its invalidity. This being so, we cannot agree to the proposition, that such a decree would not be prejudicial to the husband when it pronounced him a divorced man, and when, to escape from its apparent effect, the burden is placed upon him to show that it was the result of a gross fraud perpetrated on him, as well as upon the Court pronouncing it. But this argument is greatly strengthened if such a decree is held to be only voidable, as it is by a great many Courts. 2 Bish. on Mar. & Div., § 1544 and note 5. In such jurisdictions Davidson would not be permitted to show collaterally, either by pleading or proof, that the decree was procured by fraud; but it would be held as conclusive until it was vacated in a direct proceeding, instituted for the purpose, in the Court in which it was pronounced. 2 Bish. on Mar. & Div., § 1563 and notes.

Whether, therefore, the decree in such a case be absolutely void or only voidable, yet it is clear that the right or interest of the husband would have been, to some extent, affected, and that the false personation, by the plaintiff in error, of the hus-

Edgar *v.* State.

band in that suit, which made possible such a decree, was a · crime within the law.

We think the trial Judge was right in his construction of this statute, and that the verdict of the jury was fully warranted by the evidence. The judgment, therefore, is affirmed.