## SUPREME COURT — APPELLATE DIVISION — FIRST DEPARTMENT.

### April, 1920.

## THE PEOPLE EX REL. BENJAMIN HARRIS v. PETER MALLON, WARDEN.

(191 App. Div. 443.)

(1) PENAL LAW, SECTION 928, SUB. 5—FALSELY PERSONATING ANOTHER—MUST RESULT TO SUCH PERSON'S INJURY.

In order to sustain a conviction for falsely personating another in violation of subdivision 5 of section 928 of the Penal Law it is necessary to show not only an act of false personation of another by the party charged with the crime, but also that there was some act which if done by the person falsely personated might result to that person's injury or disadvantage.

(2) SAME—FALSELY PERSONATING DEFENDANT CHARGED WITH CRIME.

One who appears and answers in a criminal proceeding in which the defendant is charged with disorderly conduct and falsely personates the true defendant therein is guilty of a violation of section 928, subdivision 5, of the Penal Law.

(3) SAME.

It is not essential to a conviction that the act on the part of the person falsely personating another would necessarily subject the party personated, if doing the same act, to a charge, forfeiture or penalty, but it is sufficient if the act done, if done by the party personated, "might, in any event," lead to the imposition of a penalty.

APPEALS in the first two actions by the People of the State of New York from orders of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 27th day of October, 1919, sustaining writs of habeas corpus and discharging relators from custody.

Appeals in the last two actions by the People of the State of New York from orders of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 5th day of November, 1919, sustaining writs of habeas corpus and discharging relators from custody.

*Robert S. Johnstone, Assistant District Attorney,* of counsel (*Felix C. Benvenga* with him on the brief; *Edward Swann, District Attorney,* for the appellant.

——————— ———————, for the respondents.

MERRELL, J.:

These appeals are taken by the district attorney of New York county in behalf of the People of the State of New York from orders sustaining writs of habeas corpus as to the respective relators and discharging said relators from custody. The relators were arrested upon a warrant charging them with

violation of section 928 of the Penal Law issued, upon an information in writing upon oath, by a city magistrate of the city of New York. The complaint was made by a police officer and charged the relators with the offense of falsely personating another, in violation of said section 928 of the Penal Law. Upon such information the relators were held to answer said charge. Upon habeas corpus proceedings instituted by each relator in his own behalf, a justice of the Supreme Court at Special Term sustained the writ of habeas corpus as to each relator and each was discharged from custody. Section 928 of the Penal Law, so far as pertinent, provides as follows:

" A person who falsely personates another, and, in such assumed character:    *    *    *

" 5. Does any other act, in the course of any action or proceeding, whereby, if it were done by the person falsely personated, such person might in any event become liable to an action or special proceeding, civil or criminal, or to pay a sum of money, or to incur a charge, forfeiture, or penalty, or whereby any benefit might accrue to the offender, or to another person,

" Is punishable by imprisonment in a state prison for not more than ten years."

The information upon which the relators were held for a violation of said section of the Penal Law was as follows:

" Violation § 928, Penal Law.

" James F. Donnelly, 6th Inspection District, Police Officer, being duly sworn deposes and says that on the 19th day of October, 1919, City and County aforesaid, Ben Harris, Harry Moss, Martin Kahn and Joe Bloom, all now here, acting in concert and together, did wilfully and feloniously violate the provisions of § 928, subd. 5, of the Penal Law of the State of New York, by feloniously personating. others in such assumed character did act in the course of a criminal action or proceeding, whereby if such acts were done by the persons falsely

personated such persons might in any event become liable to a criminal action or to pay a sum of money or to incur a charge or penalty under the following circumstances, to wit: Deponent says that on such date and at about the hour of 9:30 A. M. o'clock, in the 12th District City Magistrate's Court, located at 1130 St. Nicholas Avenue, City and County aforesaid, while a charge of disorderly conduct was being examined into by presiding Magistrate Honorable Charles E. Simms, the four above-mentioned defendants falsely and feloniously impersonated four of the defendants charged by deponent in deponent's complaint with being guilty of the aforesaid charge of disorderly conduct: that they falsely and feloniously impersonated defendants as follows:  Ben Harris impersonated the true defendant Harry Harris;  Harry Moss impersonated the true defendant Harry Moss (who was arrested as Harry Moss and who is not defendant Harry Moss, who is now here); Martin Kahn impersonated the true defendant by same name and who is not here; Joe Bloom impersonated the true defendant of the same name and who is not here; in the aforesaid disorderly conduct case in this court on said date and time.  That the defendants now here appeared for true defendants in this court on said charge and answered to the names of the true defendants in the said charge of disorderly conduct, which is a criminal action or proceeding lawfully being tried in this court by said magistrate, whereby the true defendants falsely and feloniously impersonated might in any event become liable in such criminal action or proceeding or incur a charge or penalty.

" *Wherefore,* deponent asks that defendants be held to answer and that they be dealt with as the law directs.

" JAMES F. DONNELLY.

" Sworn to before me this
   " 19th day of October, 1919,
      " CHARLES E. SIMMS."

In sustaining the writ of habeas corpus and discharging the relator in each case the learned justice at Special Term dictates to the official stenographer at the conclusion of the hearing the following brief memorandum: " The wording of the statute is conjunctive, and it is necessary, in order to constitute a violation of the statute, that there should be more than an act which goes to complete the act of personation. I find no violation of the statute. The prisoners are discharged."

We are led to infer therefrom that in the opinion of the learned justice the averments of the complaint upon which the relators were apprehended, assuming that each was guilty of personating another, did not show the commission of an act in the course of the action or proceeding pending before the magistrate whereby if it were done by the person falsely personated, such person might in any event become liable for an action or special proceeding, civil or criminal, or to pay a sum of money, or to incur a charge, forfeiture or penalty, or whereby any benefit might accrue to the offender, or to another person. I think the learned justice was quite correct in construing the statute as conjunctive, and that it was necessary not only to show an act of false personality of another by a party charged with a violation of the section, but also that there must be some act under subdivision 5, the section which if done by the person falsely personated might result to that person's injury or disadvantage. But it seems to me that, assuming the truth of the allegations of the complaint herein, the defendants were severally guilty of the commission of acts rendering them liable for a violation of the statute. The provisions of the statute seem quite clear. A person becomes liable to punishment thereunder who falsely personates another and in such assumed character does some act in the course of an action or proceeding whereby if such act were done by the person falsely personated, it might in some event render said person falsely personated liable to action or special proceeding, civil or criminal, or to incur a charge,

forfeiture or penalty.  The information herein clearly shows
that each of the relators falsely personated another, and that
he did so in a criminal proceeding pending against the person
falsely personated.  I think they clearly did more than this.
By appearing and answering in the name of a true person
charged with such disorderly conduct, the defendants severally
did acts which had they been done by the persons who were
charged with disorderly conduct might, in some event, render
said persons falsely personated liable to a charge or penalty.
In this case each relator appeared in the pending criminal pro-
ceeding for a person charged with crime.  Such voluntary
appearance and submission to the jurisdiction of the court
might eventually lead to a conviction, and, therefore, in such
event, the act of the false personator in thus appearing in the
proceeding, had the appearance been by the party falsely per-
sonated, would have led to the imposition of a penalty.  The
statute does not provide that the act on the part of the person
falsely personating another would necessarily subject the party
personated, if doing the same act, to a charge, forfeiture or
penalty.  It merely provides that such act if it were done by
the person falsely personated " might in any event," lead to
the imposition of a penalty.  In this case a charge of disorderly
conduct was pending before the magistrate against four de-
fendants.  This charge coming on for trial, the four relators
appeared in court and falsely personated the four defendants
in the disorderly conduct proceeding.  Not only did they per-
sonate the defendants in that proceeding, but the complaint
states as follows:  " The defendants now here appeared for the
true defendants in this court on said charge and answered to the
names of the true defendants in the said charge of disorderly
conduct, which is a criminal action or proceeding lawfully be-
ing tried in this court by said magistrate   *   *   *.  Thus the
relators were charged not only with false personations of the
true defendants in the disorderly conduct proceedings, but they
were charged with appearing in the court room and answering

to said charge as the true parties defendant in said proceedings. It is plain that if the acts done by these relators on the trial of the disorderly conduct proceedings had been done by the real defendants therein, said defendants might, in the event of a conviction, have become liable to the payment of a penalty. It seems to me that the acts of these relators were clearly within the purview of the statute.

While the courts of our state do not seem to have passed upon the precise question involved herein, our attention is directed to decisions in two sister states where practically the same question as is presented here was decided. (Edgar v. State, 96 Tenn. 690; 36 S. W. Rep. 379; People v. Snyder, 279 Ill. 435; 117 N. E. Rep. 119.).

In Edgar v. State (supra), the plaintiff in error was charged with personating a defendant in a divorce proceeding instituted against said defendant in that the plaintiff in error accepted and received from an officer charged with the execution of process service thereof, together with a copy of the bill in said cause, with intent then and there to prejudice the interest of the true defendant. The plaintiff in error contended that the indictment was defective in that it failed to state how the false personation would or could affect the true defendant. The court, however, held that the acts of the plaintiff in error rendered him liable under the statute of the State of Tennessee forbidding the personating of another in judicial proceedings. (See Code of Tennessee [M. & V.], § 5621; now Thomp. Shan. Code 1917, § 6731.) The court held that while it might be conceded that the decree of divorce obtained upon the service of process upon the plaintiff in error, falsely personating the true defendant, would be void, yet that it did not follow that the decree would not affect the true defendant. The court held that it would place upon the true defendant the burden of showing that the decree was fraudulent; that *prima facie,* upon its face, the decree was regular, and that the burden rested upon the defendant to show its irregularity. He could only

escape from its effect by showing that it resulted from gross fraud perpetrated upon him as well as upon the court pronouncing the decree. Therefore, the court held that the decree of divorce was prejudicial to the defendant, and the judgment convicting the plaintiff in error of a violation of the statute was affirmed.

In People v. Snyder (supra), the defendant was charged with a violation of section 104 of the Criminal Code of the State of Illinois which provided that every person who should falsely represent or personate another, and in such assumed character do any act in the course of any suit, proceeding or prosecution whereby any person or body politic might be injured in any event or his rights or interests might in any manner be affected, should be imprisoned in the penitentiary for not less than one nor more than ten years. The defendant Snyder was convicted of procuring one Richardson to falsely represent himself to be the defendant in a case wherein one Davis was charged with burglary and grand larceny, and, in such assumed character, to appear in court and enter a plea of guilty in the suit then pending against Davis, and that Richardson did so appear and falsely represent himself to be Davis. The defendant assailed the sufficiency of the indictment but the court held the same to be good. The court said: " It seems to us from a reading of said third count that no one could be misled as to the crime with which plaintiff in error was charged. It sets out clearly that plaintiff in error and one Parks induced Richardson to impersonate one Davis and plead guilty to the crime of burglary and grand larceny for which Davis was under indictment."

The fact that the false impersonator went a step further than did the relators in the case at bar and entered a plea of guilty, does not distinguish the Illinois case from the case at bar. In either case, there was the commission of an act which if done by the real defendant might have subjected the latter to punishment.

I think the learned justice at Special Term improperly sus-

tained the writs and discharged the defendants, and that in each case the order appealed from should be reversed, the writ of habeas corpus dismissed, and the prisoner remanded to custody.

DOWLING, LAUGHLIN, SMITH and PAGE, JJ., concur.

Order in each case reversed, the writ of habeas corpus dismissed and the prisoner remanded to custody. Settle order on notice.