Julian A. Hertz, J.
The circumstances of defendant’s arrest, as disclosed at the preliminary hearing, led this court to grant the defendant’s motion to dismiss a charge that he had violated section 265.05 of the Penal Law. The Assistant District Attorney did not oppose the defendant’s motion. It was clear that the knife found in defendant’s possession was neither a per se weapon nor was there any evidence of a design on defendant’s part to use the knife unlawfully.
There now remains for disposition an alleged violation of section. 190.25 of the Penal Law, charging criminal impersonation.
The facts disclose that just prior to his arrest, at about 10:30 a.m. on November 2, 1973, the defendant was observed by the *413 officer standing on the sidewalk in front of 1030 Westchester Avenue, Bronx, New York. It appears the officer’s attention was drawn to the defendant by his observation of a long handle of a knife protruding from a brown case attached to his belt. The part of1 the case sheathing the blade was concealed from the officer’s view inside defendant’s trousers.
Based on that observation, the arresting officer approached the defendant and asked him to step inside the store located at the stated street address. When defendant withdrew the alleged weapon (presumably — still in its scabbard and at the officer’s direction — since there was no contrary testimony), he was arrested.
Based on the foregoing, this arrest appears to suffer a rather plain defect in that there was no probable cause to provide the officer with a basis therefor.
However, the charge of criminal impersonation under section 190.25 of the Penal Law is another matter. Defendant is answerable on a charge of a violation of the statute. He sought to obtain the benefit of avoiding arrest and its possible consequences ,by impersonating a transit authority conductor and displaying a conductor’s badge. These acts make defendant chargeable under either subdivision 1 or subdivision 3 of .section 190.25 of the Penal Law. Conviction under subdivision 1 of section 190.25 of the Penal Law requires impersonation of another to gain a benefit. Conviction under subdivision 3 of section 190.25 of the Penal Law requires the display of a public servant’s badge with intent to induce another to act in reliance upon the pretense. The purpose of defendant’s actions was to gain the benefit of avoiding or diminishing the consequences of an arrest and to influence the arresting officer to release him as a result of his pretense of being a transit authority employee. It is well settled that the nature of the gain sought need not be pecuniary (People ex rel. Harris v. Mallon, 191 App. Div. 443 [1920]). It has been decided, too, that the exhibition of a badge or certificate may violate a statutory inhibition against impersonation (Pierce v. United States, 86 F. 2d 949 [C. C. A. 6th]).
The only remaining question to be answered is whether the original arrest, invalid due to lack of probable cause, tainted the subsequent arrest for criminal impersonation.
By analogy, it is found that criminal impersonation is a separate offense, similar to the one described in People v. Munger (37 A D 2d 950). In that case, the Appellate Division, First Department held that a concededly illegal search and seizure did not taint a subsequent bribe offer. The bribery *414 attempt was held to be a separate crime, since proof of an underlying crime was not required by the governing statute. (See, also, People v. Lauricella, 32 Misc 2d 344 [1961].)
The same reasoning appertains here. The charge of criminal impersonation is a separate crime and does not require that the original crime be proven- or that the original arrest be valid (Vinyard v. United States, 335 F. 2d 176, cert. den. 379 U. S. 930).
For these reasons, the motion to dismiss the charge of criminal impersonation is denied.