Mario M. Albanese, J.
Defendant was indicted for the crime of criminal possession of a weapon in the third degree in violation of subdivision (1) of section 265.01 and subdivision (1) of section 265.02 of the Penal Law of the State of New York, committed as follows: "The defendant, in the County of *926 Fulton, New York, on or about the 16th day of August, 1975, had a billy club in his possession.”
Inasmuch as defendant had a prior conviction, a special information was attached to the indictment thereby increasing this alleged violation from a misdemeanor to a felony.
Trial was had before the court sans a jury, the defendant having signed in the court’s presence a waiver of jury which was approved by the court.
The People’s case consisted entirely of two police officers of the Gloversville, New York, Police Department, Patrolmen Daniel Reich and Michael O’Brien. Their respective testimonies were substantially the same, both testifying that upon reporting for work on August 16, 1975, at 2:00 p.m., they were given a warrant for the arrest of the defendant, Thomas Arthur Houghton, on a charge of harassment. Having missed the defendant at his home where they had hoped to serve him with said warrant, they luckily saw him driving a car about the city and eventually caught up with the defendant on Bleecker Street where they ordered him to stop his car at curb side. This, the defendant did. Alighting from the police car, Officer Reich went to the driver’s side of defendant’s vehicle and Officer O’Brien went to the passenger’s side. While Officer Reich was in the process of arresting the defendant under said warrant, Officer O’Brien claims to have noticed in defendant’s vehicle, an object protruding near the defendant’s side which this officer reached in and confiscated, believing it to be defendant’s billy club. This particular object was offered and received into evidence sans objection as People’s exhibit No. 2. In concluding, the policemen admit the so-called weapon was not on the defendant’s person at the time of confiscation; that defendant did not make any effort to stop the police from taking the same although he did deny its ownership; that he was not committing a crime when arrested, and he never used the alleged weapon in question.
Defendant, testifying on his own behalf, acknowledged being stopped on August 16, 1975 by Officers Reich and O’Brien on a warrant of harassment; however, denies the so-called billy club was ever on his person or near his side. As a matter of fact, claims the car then being driven by him was his father’s and did not know it (the billy club) was in the car even. Further, he states what the arresting officers designate as a billy club is in fact a miniature bat made by his young brother-in-law in the Estee Middle School. Received in evi *927 dence as Defendant’s exhibit "A” was a written statement by Donald Strathaus, industrial arts teacher at said school, wherein Mr. Strathaus stated People’s exhibit No. 2 was a miniature or scale model bat made by one Tom Gifford, brother-in-law of the defendant, in his industrial arts class as a learning experience.
Also testifying on behalf of the defendant was his wife and father, neither testimony being critical to this decision.
As set forth in the indictment herein, the defendant is charged with possession of a "billy club”.
"§ 265.01 Criminal possession of a weapon in the fourth degree.
"A person is guilty of criminal possession of a weapon in the fourth degree when:
"(1) He possesses any firearm, gravity knife, switchblade knife, cane sword, billy, blackjack, bludgeon, metal knuckles, chuka stick, sand bag, sandclub or slungshot; or * * *”
From a reading of the statute, it is readily apparent the item or term "billy club” is not listed as a proscribed contraband. Notwithstanding such absence, the court considers and will treat the term "billy” to be the generic term within which the item billy club is included. Having so decided, that is not to say or conclude that the item in question is in fact a per se billy or "a per se weapon” within the purview of the statute (People v Diamond, 77 Misc 2d 412) as is obvious with say a firearm, gravity or switchblade knife, metal knuckles, etc. No evidence was submitted or showing made by the People setting forth what constitutes a billy club or what its elements, attributes or characteristics are. The court on its own, searched the Penal Law for a definition and/or description thereof, all to no avail since the Penal Law does not define such a term. Following this, Words and Phrases were consulted but such was of little or no help since it defines a billy as a club carried by a policeman, which is general knowledge still leaving the court’s search unresolved. Resort was then had to the Police Manual wherein various types of billies are shown to contain two essential factors, elements or characteristics missing from the supposed weapon or billy club in the instant case. They are: (1) thong or palm grip, and (2) lead weights at the bottom of the billy. It is noted in this same Police Manual, that a so-called billy club was also listed being 14 inches in length, but * * * also containing a palm grip or thong.
*928 The so-called weapon in the case at hand is an item the defendant claims is a miniature bat and so fabricated in the Estee Middle School industrial arts class by one Tom Gifford, his brother-in-law. This miniature bat is 12 inches long, weighs 6V2 ounces and contains no thong or palm grip at all. To the court, it appears to be just that — a mini bat, so to speak, one that does not appear much different than mini bats sold at baseball parks across the country although the workmanship and finish to this particular mini bat leaves much to be desired.
Obviously, the People by virtue of the indictment, contend that so-called mini bat is a billy club although as aforestated, submit no evidence to support such a contention. The first issue, then, to be resolved by the court is — is the item in question a billy club within the fair import of the law? The court thinks not. Not only is the mini bat herein not made in the likeness or contain the elements of a billy club as shown in the Police Manual, to wit: no thong, palm grip or lead weights at the end, but also, and perhaps of greater importance, because of the utter failure or omission on the part of the People to offer any proof whatsoever concerning the essential attributes, elements or characteristics of a billy club and to demonstrate said mini bat herein has those particular elements, attributes or characteristics, whatever they may be.
In so doing, there is no mistaking or illusion by the court that this mini bat could not cause damage if used improperly —it could; however, that is likewise true for almost every man-made object on earth. The classic, and oft used example, a fountain pen stuck in the eye of an individual certainly is a weapon when so improperly used. The same can be said with respect to a pencil, a cane, a golf stick, an umbrella, a crutch, or even a violin. Is that to say that any and all such items so found upon or in the possession of an individual are ipso facto to be construed as weapons without anything more? This court does not believe that the law was so intended and certainly will not be construed as such. The Appellate Division, Third Department, although referring to the term billy as a dangerous instrument, not weapon, held: "the length of the particular object is not determinative, but the purpose for which it was designed. ” (Emphasis added.) (People v Schoonmaker, 40 AD2d 1066.) An article, an instrument or an item or substance which is not designed as a weapon or which ordinarily has a legitimate function, i.e. a fountain pen, a golf stick, a violin and the like, cannot be simply converted or *929 tarred with the attributes or characteristics of the prohibited contraband of section 265.01 of the Penal Law without proof substantiating the same. So, too, the mini bat confiscated by the police in this matter. It is not inherently, nor was it designed as, a weapon within the meaning or import of the pertinent statute and absent proof to the contrary as to its nature, the People fail in their burden.
As an aside, although we do not deem it necessary to pass upon the following at this time, it would seem that where an object is not designed as a weapon or has a legitimate function but is nevertheless being held as a prohibited weapon by law enforcement officials, then in those particular situations it would also be necessary to prove, in addition to possession, its use, attempt or threatened use in a manner rendering it readily capable of causing death, or other serious physical injury as is now indicated when dealing with a dangerous instrument.
In any event, the court did not concern itself with the matter of use in coming to a decision herein. Likewise, the court did not concern itself with other necessary elements or aspects of this case such as possession, the motions by the People to strike testimony of various witnesses for defendant, or motions or testimony by the defense for that matter since the holding hereinabove set forth makes it unnecessary to do so.
Needless to say, it is the burden of the People to prove each and every element of this charge against the defendant, the first of which is whether or not the so-called mini bat is a billy club within the meaning of section 265.01 of the Penal Law, a factual question for this court to determine and which the court holds the People have failed to prove beyond a reasonable doubt.
In conclusion, I find the defendant not guilty of the charge under the indictment; accordingly, the indictment is dismissed, the defendant freed and bail, if any, exonerated.