OPINION OF THE COURT
David D. Egan, J.
The defendant has moved by notice of motion and supporting affirmation of Gary Muldoon, Esq., dated September 9, 1982 for various relief, including dismissal of the charges that he violated sections 190.25 (subd 1 [criminal impersonation]) and 195.05 (obstructing governmental administration) of the Penal Law on the grounds that the complaint is defective by not meeting the standards of CPL 100.15 (subd 3) requiring the allegation of facts of an evidentiary character supporting or tending to support the charges. The People responded by notice of cross motion and answering affirmation of Kathleen A. Majewski, Esq., Assistant District Attorney, dated September 27, 1982.
The defendant was issued traffic tickets by a Rochester police officer charging defendant with speeding, two counts *110 of driving while intoxicated and driving without an operator’s license. In addition he was charged with criminal impersonation (Penal Law, § 190.25, subd 1) and obstructing governmental administration (Penal Law, § 195!05) supported by factual allegations which in summary stated that when defendant was stopped under the Vehicle and Traffic Law he gave his name as James D. Shereken, after being transported downtown, advised of his constitutional rights and commissioner’s warnings, defendant signed the commissioner’s warnings with the name James D. Shereken. Thereafter, defendant submitted to a breathalyzer test and upon completing the prisoner data reports the defendant stated that he had intentionally lied to the police officer and had thrown his wallet containing personal papers and identification papers in a waste basket in the garage area of the Public Safety Building in order to avoid problems or prosecution under his real name.
A person is guilty of criminal impersonation in the second degree (Penal Law, § 190.25, subd 1) when he “[impersonates another and does an act in such assumed character with intent to obtain a benefit or to injure or defraud another”. The benefit sought need not be monetary but may be, as is alleged in this case, to avoid problems or prosecution under defendant’s real name. The question before the court is, does the complaint allege facts which would satisfy that part of the statute requiring defendant to impersonate “another” before guilt attaches?
The word “another” means a real person and not just a fictitious or assumed name. (People v Powell, 59 AD2d 950; People v Jones, 84 Misc 2d 737; People v Simmons, 79 Misc 2d 249; People v Gaissert, 75 Misc 2d 478.) This line of cases is followed by recommended jury instructions for subdivision 1 of section 190.25 which call for a charge to the jury which reads in part, “that in so doing, the defendant impersonated another person, to wit (name of person impersonated). To ‘impersonate’ is to pass oneself off as another having a certain identity.” (3 NY PJI — Criminal 1297.)
The court has noted the cases of People v Bentley (78 Misc 2d 578) and People v Diamond (77 Misc 2d 412). In Bentley the court considered an appeal from a plea to criminal *111 impersonation where the name of a fictitious person was signed to a cash register receipt by the defendant. The plea to subdivision 1 of section 190.25 of the Penal Law was in satisfaction of other charges and the court’s attention was not drawn to the issue being dealt with in this case. In Diamond the court held that where defendant held himself out to be a Transit Authority conductor, which he was not, was enough to make him chargeable with criminal impersonation under both subdivisions 1 and 3 of section 190.25. This court is not following that part of the Diamond case which would hold defendant chargeable under subdivision 1 of section 190.25.
Inasmuch as the complaint does not allege that defendant passed himself off as another real person having a certain identity, the complaint is defective and must be dismissed.
Obstructing governmental administration (Penal Law, § 195.05) must be done “by means of intimidation, physical force or interference, or by means of any independently unlawful act” under the statute. The complaint does not allege facts which meet the statutory requirements. (See People v Case, 42 NY2d 98, transmitting information verbally did not amount to obstructing governmental administration there being no physical interference; People v Longo, 71 Misc 2d 385, 390, a verbal act alone does not constitute physical force or interference; see, also, People v Ketter, 76 Misc 2d 698.) No independently unlawful act is alleged, the charge of criminal impersonation having already fallen to the motions of defense.
The defendant’s motion to dismiss the charges of criminal impersonation and obstructing governmental administration is granted.
On the remaining charges the defendant’s motion for a bill of particulars pursuant to CPL 100.45 and 200.90 is denied in that the answering papers provide all of the particulars to which defendant is entitled. Defendant’s motion under People v Sandoval (34 NY2d 371) is denied subject to renewal before trial upon defendant’s providing the court with a list of the prior convictions or bad acts which defense wishes the court to rule upon. (People v *112 Poole, 52 AD2d 1010.) Defendant is entitled to a hearing to determine whether or not statements allegedly made by the defendant should be suppressed as being taken in violation of any of the defendant’s constitutional rights. (CPL 710.20, subd 3; 710.60, subds 3, 4, par [b].)