(790 P.2d 962)

No. 64,108

STATE OF KANSAS, *Appellee*, v. LEE RAY BANKS, *Appellant*.

Opinion filed May 4, 1990.

*Charles D. Dedmon*, assistant appellate defender, and *Jessica R. Kunen*, chief appellate defender, for the appellant.

*Michael Warner*, assistant district attorney, *Nick A. Tomasic*, district attorney, and *Robert T. Stephan*, attorney general, for the appellee.

Before DAVIS, P.J., REES and ELLIOTT, JJ.

DAVIS, J.: This is a direct appeal from a conviction for aggravated false impersonation. K.S.A. 21-3825. The defendant, Lee Ray Banks, appeals on the ground that the State failed to prove that the defendant had impersonated an actual person, which, defendant contends, is an essential element of the offense. We agree. Accordingly, we reverse and vacate defendant's conviction.

The defendant was arrested in Kansas City, Kansas. One of the officers testified that, when defendant was arrested, he told them he was Eric Newton, that he was born in September 1970, and that his mother's name was Ella May Newton. Another officer testified Banks told them his name was "Eric—Derrick Newton" and that he was born on August 31, 1960. A third officer testified Banks gave them several names, two being Derrick Newton and Eric Newton. At the station, Banks signed his name to a waiver of his *Miranda* rights as Derrick Newton.

The defendant was booked under his assumed name as a juvenile. He was then recognized by another officer at the station as Lee Ray Banks. He was interviewed again and signed another waiver under the name Lee Ray Banks. The defendant was charged with one count of aggravated robbery and one count of aggravated false impersonation. The case was tried to a jury.

Banks was acquitted of aggravated robbery, but convicted of aggravated false impersonation.

Banks argues that, under the charge of aggravated false impersonation, the State must prove that there is an actual person who was impersonated.

K.S.A. 21-3825 provides:

"Aggravated false impersonation is falsely representing or impersonating another and in such falsely assumed character:

. . . .

"(d) Doing any other act in the course of a suit, proceeding or prosecution whereby the person who is represented or impersonated may be made liable to the payment of any debt, damages, costs or sum of money, or his rights or interests may be in any manner affected."

The language of the statute implies that there must be an actual person who is impersonated. It speaks of "impersonating another" and "the person who is . . . impersonated." Further, it requires the doing of an act while impersonating whereby the person impersonated "may be made liable to the payment of any debt . . . or his rights or interests may be in any manner affected." The gist of the offense is the actual or potential harm caused to the person impersonated. Based upon the express provisions of the statute, we conclude that an essential element of aggravated false impersonation requires proof that the defendant falsely impersonated an actual person. See *People v. Sherman*, 116 Misc. 2d 109, 110, 455 N.Y.S.2d 528 (1982) (holding that the word "another" means a real person and not just a fictitious or assumed name).

The record contains no evidence that "Derrick Newton" is the name of a real person whom Banks was impersonating, rather than merely a fictitious name. Because the State failed to prove an essential element of the offense, the defendant's conviction must be reversed. Based upon our conclusion, we need not address defendant's second issue. In passing, it should be noted that both parties agreed at oral argument, as do we, that the facts in this case give rise to a charge of obstruction of legal process (K.S.A. 21-3808); however, this offense was not charged.

Reversed and vacated.