(308 P.3d 17)
No. 108,198

STATE OF KANSAS, *Appellee*, v. JORGE DIAZ, *Appellant*.

Opinion filed September 13, 2013.

*Christopher S. O'Hara*, of O'Hara & O'Hara LLC, of Wichita, for appellant.

*Daniel D. Gilligan*, assistant district attorney, *Keith Schroeder*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before PIERRON, P.J., MCANANY and ARNOLD-BURGER, JJ.

ARNOLD-BURGER, J.: Jorge Diaz challenges the sufficiency of the evidence to support his convictions for two counts of aggravated false impersonation. The factual basis for the criminal charges arose following a collision when Diaz signed a traffic citation and notice to appear in the Hutchinson Municipal Court using a false name, appeared in municipal court and pled no contest to the traffic charges using the same false name, and signed a promise to pay the fines also using the false name. Because we find the signing of a traffic citation and notice to appear does not constitute the execution of a bond or instrument of bail, we reverse

Diaz' conviction for violating K.S.A. 21-3825(a)(1). We are also compelled to reverse Diaz' conviction for violating K.S.A. 21-3825(a)(2) because his plea of no contest and promise to pay fines did not result in a confession of judgment. The decision of the district court is reversed, both of Diaz' convictions are reversed, and his sentences are vacated.

## FACTUAL AND PROCEDURAL HISTORY

The facts in this case are undisputed.

On January 25, 2011, Officers Ernie Underwood and Josh Long of the Hutchinson Police Department responded to a noninjury, multiple vehicle accident. A Hispanic male was the driver of one of the vehicles—a Hyundai Electra with license plate number "193 CUK." He told Underwood that his name was Jesus Quezada and also gave a date of birth of April 21, 1985. Quezada did not have a driver's license, but he provided proof of insurance and registration on the Electra and an address—1111 South Water Street Wichita, Kansas 67213—for the accident report. The address matched the information on the insurance card and also the vehicle's registration. Underwood also said a check with the National Crime Information Center (NCIC) revealed that Quezada did not have any warrants. Underwood issued Quezada a traffic citation for no driver's license and inattentive driving. Quezada signed the ticket as Jesus Quezada. The ticket required Quezada to appear on February 1, 2011, for a court date in Hutchinson Municipal Court.

On January 28, 2011, a person identifying himself as Jesus Quezada appeared before Hutchinson Municipal Judge Thomas Dower. The person executed a "Waiver of Right to Counsel and Trial" and signed the document as Jesus Quezada. The person pled no contest to both traffic charges and was ordered to pay fines of $75 for not having a driver's license and $35 for inattentive driving. Judge Thomas Dower stated that the person then went to the clerk of the court and executed a "Promise to Appear or Pay Fines" on January 28, 2011, signing the document as Jesus Quezada with the address of 1111 South Water Street, Wichita, Kansas 67213. Because driving without a license is comparable to a Class B misdemeanor under Kansas statutes, K.S.A. 2012 Supp. 12-4517 places

the responsibility on the municipal judge to ensure that the offender is fingerprinted. See K.S.A. 2012 Supp. 8-235(a) and (e). After Quezada appeared in municipal court and pled no contest to that charge, the municipal judge ordered him to report to the Hutchinson Police Department to have his fingerprints taken as required by statute.

In addition to being at the accident scene, Long was also working at the police station on January 28, 2011. Long testified that the man from the previous accident, who he knew as Jesus Quezada, appeared to be fingerprinted and presented a fingerprint card bearing the name Jesus Quezada. Long then attempted to obtain fingerprints. As he started the fingerprinting process, Quezada hesitated and then said the name on the fingerprint card was not his real name. He said his name was actually Jorge Diaz and that he had given a different name because he was scared. Long testified that Diaz said the name on the citation—Jesus Quezada—was his friend.

Based on Diaz' declaration, Long verified Diaz' date of birth through the NCIC system. Long said that Diaz' physical description matched the computer-obtained attributes of Diaz. Diaz was then taken into custody and subsequently charged with two violations of aggravated false impersonation.

In Count I, the State charged Diaz with aggravated false impersonation, pursuant to K.S.A. 21-3825(a)(1), alleging that on January 25, 2011, he was guilty of "falsely representing or impersonating another, to-wit: **Jesus Quezada**, and in such falsely assumed character executing any bond or other instrument as bail for any party in any proceeding, before any Court or any officer authorized to take such bail or security." In Count II, the State charged Diaz with aggravated false impersonation, pursuant to K.S.A. 21-3825(a)(2), alleging that on January 28, 2011, he was guilty of "falsely representing or impersonating another, to-wit: **Jesus Quezada**, and in such falsely [assumed character] confessed a judgment before any Court or any officer authorized to take such bail or security."

At trial, both Underwood and Long identified Diaz as the individual who had given the name Jesus Quezada at the accident scene

and later at the police station. Long testified the only information they had concerning Quezada was Diaz' statement that Quezada was Diaz' friend.

John Tracy, an investigator for the Reno County District Attorney's Office, testified concerning his research of Jesus Quezada. Tracy testified the Kansas Department of Revenue, Division of Motor Vehicles had issued driver's licenses to a couple of people named Jesus Quezada. Driver's licenses were issued to one Jesus Quezada at 1808 North Market, No. 3, in Wichita and to another at 7214 Aspen Drive, Apt. 34, in Kansas City. Neither driver's license showed a date of birth matching the date of birth given by Diaz. One of the vehicles registered in the name of Jesus Quezada was a 2004 Hyundai vehicle with the license plate of "193 CUK." The address associated with the 2004 Hyundai was 1111 South Water Street in Wichita.

Tracy testified that when Diaz was booked the first time, he used the name Jesus Quezada with the birth date of September 28, 1978. When he was booked the second time, he used the name Jorge Diaz, date of birth September 28, 1978, and a corresponding driver's license number. Tracy testified the records did not reveal a person with the name Jesus Quezada having a date of birth of April 21, 1985, and living at the address of 1111 South Water Street in Wichita.

Tracy also testified concerning the requirements to register a vehicle in Kansas. He said a person must have a title for the vehicle and proof of insurance before a registration will be issued. He again testified that a 2004 Hyundai was registered to Jesus Quezada at 1111 South Water Street in Wichita.

At the conclusion of the bench trial, the trial court found Diaz guilty on both counts. The court stated based on the facts that Diaz was driving a car registered to Quezada with proper insurance and Diaz admitted that Quezada was his friend, the State had established that Diaz was impersonating another human being. The court made two other determinations: (1) any person who is released on their own recognizance without surety or fails to appear in response to a summons or traffic citation shall be deemed a person released on bond for appearance, and (2) Diaz confessed

judgment by signing the "Promise to Appear or Pay Fines." For Count I, the court entered a mitigated underlying prison sentence of 5 months and then granted 12 months' probation. The court sentenced Diaz to a concurrent sentence with the same terms on the second count as well. Diaz appeals.

## ANALYSIS

*There was sufficient evidence to support a finding that Diaz impersonated an actual person.*

The first sufficiency argument raised by Diaz is that his convictions for both counts of aggravated false impersonation are not supported by the evidence because the State failed to present sufficient evidence that he represented or falsely impersonated an actual person.

When examining the sufficiency of the evidence in a criminal case, the standard of review is whether, after reviewing all of the evidence in a light most favorable to the State, the appellate court is convinced a rational factfinder could have found the defendant guilty beyond a reasonable doubt. *State v. Frye*, 294 Kan. 364, 374-75, 277 P.3d 1091 (2012). In evaluating the evidence, an appellate court does not reweigh the evidence, assess the credibility of the witnesses, or resolve conflicting evidence. *State v. Raskie*, 293 Kan. 906, 920, 269 P.3d 1268 (2012).

In early 2011 when Diaz committed the acts giving rise to the charges in this case, the crime of aggravated false impersonation, K.S.A. 21-3825, provided as follows:

"(a) Aggravated false impersonation is falsely representing or impersonating another and in such falsely assumed character:

(1) Becoming bail or security, or acknowledging any recognizance, or executing any bond or other instrument as bail or security, for any party in any proceeding, civil or criminal, before any court or officer authorized to take such bail or security;

(2) confessing any judgment;

(3) acknowledging the execution of any conveyance of property, or any other instrument which by law may be recorded; or

(4) doing any other act in the course of a suit, proceeding or prosecution whereby the person who is represented or impersonated may be made liable to the payment of any debt, damages, costs or sum of money, or such person's rights or interests may be in any manner affected.

"(b) Aggravated false impersonation is a severity level 9, nonperson felony."

Diaz argues the State failed to present evidence that he represented or falsely impersonated an actual person. Diaz' argument is based on this court's decision in *State v. Banks*, 14 Kan. App. 2d 393, 790 P.2d 962 (1990). When he was arrested, Banks told the first officer his name was Eric Newton, he was born in September 1970, and his mother was Ella May Newton. He told the second officer his name was Derrick Newton and he was born on August 31, 1960. The third officer said Banks used both the names Eric Newton and Derrick Newton. Banks signed his name to the *Miranda* waiver as Derrick Newton. He was booked under the name Derrick Newton.

The State charged Banks with aggravated false impersonation, and a jury found him guilty. The *Banks* court specifically found that an essential element of the crime of aggravated false impersonation requires proof that the defendant falsely impersonated an *actual* person. 14 Kan. App. 2d at 394. In reversing Banks' conviction, the court concluded:

"The record contains no evidence that 'Derrick Newton' is the name of a real person whom Banks was impersonating, rather than merely a fictitious name. Because the State failed to prove an essential element of the offense, the defendant's conviction must be reversed. Based upon our conclusion, we need not address defendant's second issue. In passing, it should be noted that both parties agreed at oral argument, as do we, that the facts in this case give rise to a charge of obstruction of legal process (K.S.A. 21-3808); however, this offense was not charged." 14 Kan. App. 2d at 394.

Diaz argues the only evidence that he falsely impersonated an actual person was his own statement that Quezada was his friend. He argues the State failed to substantiate this fact, contact Quezada, or find an address for Quezada. Diaz argues the trial court improperly relied on the insurance and registration of the vehicle to Quezada because Diaz could have made up the name and lied about Quezada being his friend. He argues that if the registration and insurance were of an actual person, then the police search would have obtained a Jesus Quezada living at 1111 South Water Street in Wichita. We do not find Diaz' arguments persuasive.

A verdict may be supported by circumstantial evidence if such evidence provides a basis from which the factfinder may reasonably

infer the existence of the fact in issue. However, the evidence need not exclude every other reasonable conclusion or inference. *State v. Scaife*, 286 Kan. 614, 618, 186 P.3d 755 (2008). The facts, or lack thereof, in *Banks* supported the court's ruling that Banks was merely giving a fictitious name to the police officers. See 14 Kan. App. 2d at 393-94. However, the facts in this case indicate that Diaz told Underwood that his name was Jesus Quezada and also gave him a date of birth of April 21, 1985. The name given by Diaz also matched the registration and proof of insurance provided by Diaz. Underwood said the address of 1111 South Water Street, in Wichita, also matched the information on the insurance card and the vehicle's registration. Diaz also admitted that Quezada was his friend.

Diaz would have us speculate that the name Jesus Quezada could just as easily been a made-up name that he had used before and that he was lying about Quezada being his friend. He argues there is no evidence the vehicle did not belong to him and that if Quezada was an actual person, then the NCIC search would have revealed a person named Jesus Quezada living at 1111 South Water Street in Wichita. Again, the evidence need not exclude every other reasonable conclusion or inference. See *Scaife*, 286 Kan. at 618. To the contrary, Quezada could just as easily have changed his living arrangements without updating the address for his registration and insurance. We find there is sufficient evidence to support the finding that Diaz impersonated an actual person.

*Consideration of the remaining two sufficiency issues raised by Diaz necessarily require statutory interpretation, where our standard of review is de novo.*

As already noted, our standard of review for a challenge to the sufficiency of the evidence in this criminal case is to review all the evidence in the light most favorable to the State in determining whether the district judge could have found Diaz guilty beyond a reasonable doubt. See *Frye*, 294 Kan. at 374-75. But our determination of the remaining two sufficiency of the evidence challenges raised by Diaz necessarily involve an interpretation of the statute under which Diaz was charged.

Interpretation of a statute is a question of law over which appellate courts have unlimited review. *State v. Dale*, 293 Kan. 660, 662, 267 P.3d 743 (2011). The most fundamental rule of statutory construction is that the intent of the legislature governs if that intent can be ascertained. *State v. Arnett*, 290 Kan. 41, 47, 223 P.3d 780 (2010). "An appellate court must first attempt to ascertain legislative intent through the statutory language enacted, giving common words their ordinary meanings." *State v. Urban*, 291 Kan. 214, 216, 239 P.3d 837 (2010).

"When a statute is plain and unambiguous, an appellate court does not speculate as to the legislative intent behind it and will not read into the statute something not readily found in it." 291 Kan. at 216. Criminal statutes must be strictly construed in favor of the accused. See *State v. Coman*, 294 Kan. 84, 96, 273 P.3d 701 (2012). Words are given their ordinary meaning, and any reasonable doubt must be decided in favor of the accused, subject to the rule that judicial interpretation must be reasonable and sensible to effect legislative design and intent. 294 Kan. at 96.

With those standards in mind, we will examine Diaz' remaining two challenges to his convictions.

*Because signing a municipal court traffic citation which contains a notice to appear in court does not equate to executing a bond or other instrument as bail, there was insufficient evidence to support Diaz' conviction of Count I.*

Next, Diaz argues the State failed to prove that he executed a bond or other instrument as bail under a false name.

To reiterate, in Count I, Diaz was charged with "falsely representing or impersonating another, to-wit: **Jesus Quezada**, and in such falsely assumed character executing any bond or other instrument as bail for any party in any proceeding, before any Court or any officer authorized to take such bail or security." See K.S.A. 21-3825(a)(1) (aggravated false impersonation includes "executing any bond or other instrument as bail or security, for any party in any proceeding, civil or criminal").

The State alleges that when Diaz signed the traffic citation containing the notice to appear in municipal court using the name

Jesus Quezada, he "effectively executed a bail" and that "[t]he ticket acts as a, a bailment of a type of [personal recognizance] bond insuring that the defendant does not need to be arrested to be bonded out, but in fact can . . . appear before a court without having to be arrested." The district court found that Diaz "acknowledged his recognizance by signing the ticket." Moreover, the court specifically relied on the language contained in K.S.A. 2012 Supp. 21-5915(e), commonly referred to as the failure to appear statute, which provides that any person who fails to appear on a traffic citation "shall be deemed a person released on bond for appearance within the meaning of subsection (a)." See K.S.A. 21-3813(a), (b).

To determine if there was sufficient evidence to support the charge, we must begin by analyzing whether the signing of a municipal traffic citation, containing a notice to appear, constitutes the execution of "bond or other instrument of bail."

All cases filed in municipal courts are governed by the Kansas Code of Procedure for Municipal Courts (KPMC), K.S.A. 12-4101 *et seq.* K.S.A. 12-4102; see *City of Junction City v. Griffin*, 227 Kan. 332, 336, 607 P.2d 459 (1980) ("It is apparent in this case, under K.S.A. 12-4103, that the legislative intent was to provide a uniform procedure for all municipal courts."). We begin with the definition section, K.S.A. 12-4113. A " '[n]otice to appear' " is defined as "a written notice to a person accused by a complaint of having violated an ordinance of a city to appear at a stated time and place to answer the charge of the complaint." K.S.A. 12-4113(k). There is no dispute that the traffic citation that Diaz signed constituted a complaint, defined in K.S.A. 12-4113(g), with a notice to appear.

The KPMC also defines "[a]ppearance bond" as "an undertaking, with or without security, entered into by a person in *custody* by which the person is bound to comply with the conditions of the undertaking." (Emphasis added.) K.S.A. 12-4113(a). Appearance bonds are required to be in substantially the form set out in K.S.A. 12-4304. Diaz' citation and notice to appear were not in the form required for an appearance bond. "Bail" is defined as "the security given for the purpose of insuring compliance with the terms of an

appearance bond." K.S.A. 12-4113(e). Accordingly, a bail cannot exist independent of an appearance bond. "Custody" is defined as "the restraint of a person pursuant to an *arrest.*" (Emphasis added.) K.S.A. 12-4113(h). And finally, "[a]rrest" is defined as "the taking of a person into custody in order that the person will appear to answer for the violation of an ordinance. *The giving of a notice to appear is not an arrest.*" (Emphasis added.) K.S.A. 12-4113(d). Therefore, it follows that because the giving of a notice to appear is not an arrest, it cannot constitute an appearance bond or a bail. So based on the plain language of the statute, the evidence was insufficient to find that Diaz executed any bond or other instrument as bail under a false name. The mere signing of a municipal traffic citation which includes a notice to appear in municipal court does not equate to the execution of a bond or other instrument as bail as required for a conviction of aggravated false impersonation under K.S.A. 21-3825(a)(1). Accordingly, we reverse and vacate Diaz' conviction of Count I based on insufficient evidence.

We pause here briefly to note that the district court's reliance on the language of K.S.A. 2012 Supp. 21-5915(e) was misplaced. This failure to appear statute provides that any person who fails to appear on a traffic citation "shall be deemed a person released on bond for appearance within the meaning of subsection (a)." K.S.A. 2012 Supp. 21-5915(e). But a close reading of K.S.A. 2012 Supp. 21-5915(a) reveals that it specifically excludes appearances before "the municipal court of a city." So K.S.A. 2012 Supp. 21-5915 has no application to Diaz' municipal traffic citation. Moreover, K.S.A. 2012 Supp. 8-2110(a), (b) provides that failure to appear on a municipal court traffic citation is a misdemeanor and may result in suspension of driving privileges, but there is no similar language to K.S.A. 2012 Supp. 21-5915(e) that the person failing to appear "shall be deemed a person released on bond."

*Because entering a plea of no contest and signing a promise to appear or pay do not equate to confessing a judgment, there was insufficient evidence to support Diaz' conviction of Count II.*

Next, Diaz contends there was insufficient evidence to support a finding that he confessed a judgment before a court under K.S.A.

21-3825(a)(2). He argues the promise to appear or pay fines document that he executed was not a civil judgment entered against him and that his plea of no contest cannot be considered a confession to the charges against him.

To reiterate, in Count II, Diaz was charged with "falsely representing or impersonating another, to-wit: **Jesus Quezada**, and in such falsely [assumed character] confessed a judgment before any Court or any officer authorized to take such bail or security." See K.S.A. 21-3825(a)(2) (aggravated false impersonation includes "confessing any judgment"). Again, a determination of the sufficiency of the evidence under Count II necessarily involves statutory interpretation.

The State argued at trial that "when he entered the plea on January 28th that he confessed a judgment." Diaz' responds that his plea of no contest was not a confession of judgment because it was not a plea of guilty but simply a statement that he did not contest the charges. We agree. K.S.A. 12-4406(b) states a plea of no contest "is a formal declaration that the accused person does not contest the charge." When a plea of no contest is accepted by the court, a finding of guilty may be adjudged thereon. *"The plea cannot be used against the accused person as an admission in any other action based on the same act."* (Emphasis added.) K.S.A. 12-4406(b). Accordingly, a plea of no contest is insufficient to establish that Diaz confessed a judgment under K.S.A. 21-3825(a)(2).

We next address Diaz' execution of the "Promise to Appear or Pay Fines" as Jesus Quezada after he was convicted of the charges. Although not argued by the State, the district court found that this was a confession of judgment. The State picks up on this argument for the first time on appeal. Generally, issues not raised before the trial court cannot be raised on appeal. *State v. Johnson*, 293 Kan. 959, 964, 270 P.3d 1135 (2012). However, because the district court based its decision on this ground and its determination involves only a question of law arising on proved or admitted facts, we will consider it. See *State v. Gomez*, 290 Kan. 858, 862, 235 P.3d 1203 (2010).

After being found guilty, Diaz signed the following promise to appear or pay fines:

"I understand that I owe the Hutchinson Municipal Court **196.00** in fines, fees and costs of the above listed case(s). I state that I am financially able to pay this amount and I promise to do so no later than **the 2nd day of March, 2011** at **8:00 AM. If I do not pay by that date, I understand that I am ordered to appear before the Court on that date and time** and show cause why I should not be held in indirect contempt of court. I also understand that if I do not pay or appear at that time, a warrant will be issued for my arrest and my driver's license may be suspended with no further notice to me."

Black's Law Dictionary 339 (9th ed. 2009) defines "confession of judgment" as "[a] person's agreeing to the entry of judgment upon the occurrence or nonoccurrence of an event, such as making a payment." We fail to see how Diaz has confessed *judgment* for $196 by signing this form. If Diaz failed to pay the money owed, he agreed that he would have to appear in court to show cause why he should not be held in indirect contempt of court, with all its attendant penalties. See K.S.A. 12-4510 (failure to pay a fine "may constitute contempt of court"); *State v. Long*, 41 Kan. App. 2d 477, 485-86, 203 P.3d 45 (2009). The city may also enter into a contract with a private agency for collection services for fines, fees, costs, and restitution owed. See K.S.A. 2012 Supp. 12-4119. Finally, failure to pay a traffic fine is a misdemeanor and may result in suspension of driving privileges. See K.S.A. 2012 Supp. 8-2110. But there is no statutory provision that automatically converts fines owing to a judgment.

We know the legislature is aware that it can statutorily convert fines and costs to judgments because there is such a provision for state courts under the Kansas Code of Criminal Procedure (KCCP), K.S.A. 22-2101 *et seq.* See K.S.A. 22-3801(a). The KCCP governs criminal proceedings in state courts and is applicable in municipal courts only when specifically provided. K.S.A. 22-2102. K.S.A. 22-3801(a) provides that if a defendant is convicted "the court costs shall be taxed against the defendant and *shall be a judgment* against the defendant which may be enforced as judgments for payment of money in civil cases." (Emphasis added.) See *State v. Phillips*, 289 Kan. 28, 34-35, 210 P.3d 93 (2009) (order to pay costs may be treated as a civil judgment); *State v. Douglas*, 47 Kan. App. 2d 734, 742-43, 279 P.3d 133 (2012) (dormancy statute

applies to judgments for court costs). Likewise, K.S.A. 22-3425(2) provides that if a defendant is unable to pay the fines, he or she is still liable for their payment and "they may thereafter be collected by execution as on judgments in civil cases."

These statutory provisions are not specifically made applicable to municipal courts, and there is no similar provision regarding fines and costs assessed in municipal courts under the KPMC. Consequently, because we find that a promise to appear and pay fines in municipal court is not a confession of judgment, we conclude that there was insufficient evidence for the district court to find that Diaz confessed a judgment under K.S.A. 21-3825(a)(2) when he signed the promise to appear or pay fines as Jesus Quezada.

The decision of the district court is reversed, Diaz' convictions are reversed, and his sentences are vacated.