[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 392 
The statute in force when the action was brought against the Erie Railway Company (Laws 1847, chap. 450, as amended by Laws of 1849, chap. 256) to recover damages for the wrongful act of the company in causing the death of the plaintiff's intestate prescribed the form of the action, the persons for whose benefit the recovery should be, the rule of damages and the rule of distribution.
The action was to be brought in the name of the personal representative of the deceased, for the exclusive benefit of the widow and next of kin. The damages to be recovered could not exceed $5,000, and were the pecuniary injuries resulting to the persons entitled to share in the distribution; and the recovery was to be distributed to the widow and next of kin of the deceased in the proportions provided by law, in relation to the distribution of personal property left by persons dying intestate.
It was decided by this court, in Dickins v. The New YorkCentral Railroad Co. (23 N.Y., 158), in an action brought by the husband as administrator to recover for the death of *Page 393 
his wife, that the husband was not next of kin to the wife, within the statute, and that the pecuniary damages sustained by him in consequence of her death were not a ground or element of damages in the action.
This case has not been overruled or questioned; and although there are cases in which the husband is spoken of as succeeding to the personal property of his wife, upon her decease, as her next of kin (Fettiplace v. Gorges, 1 Ves., 46; Schuyler v.Hoyle, 5 Johnson's Ch. R., 206), he is not such in a strict legal sense; and the rule of construction established inDickins v. The New York Central Railroad Co. is to be regarded as settling, in this respect, the construction of the statute.
The fund in controversy was received by the plaintiff as administrator of his wife from the railroad company in December; 1870, in settlement of the action brought by him in 1869 against the company for causing her death; and the rule of distribution is the same as if it had been collected by him upon a judgment in the action.
There can be no doubt that if the statute had remained unchanged, the husband was properly excluded by the surrogate from taking the fund or sharing in the distribution. He was not next of kin to his wife; and where there is no widow of the decedent, they alone are entitled to it. It is claimed, however, that by force of the amendment of March, 1870 (Laws of 1870, chap. 78), passed intermediate the commencement and settlement of the action, the husband is entitled to the fund. The amendment of 1870 authorizes the action given by the statute of 1870 to be brought for the benefit of the "husband or widow and next of kin;" and that the damages may be assessed with reference to the pecuniary injuries resulting to him as well as to the persons embraced within the original act. It gives interest on the damages recovered from the time of the death, and directs that the recovery shall be distributed to "such husband or widow and next of kin," as in case of the intestacy of the decedent.
The saving clause is added which provides that nothing in *Page 394 
the act contained shall apply to "any suit or proceeding heretofore commenced and now pending in any of the courts of this State."
It is manifest that the amendment of 1870 extends the liability of a defendant in a material degree, where the action is brought for causing the death of the wife, leaving a husband surviving. In cases where the deceased left no descendants, but collateral kindred only, his loss would in general be the main element in the recovery.
The legislature, by express terms in the amendment, continued the rule of liability in the original statute as to cases then pending in the courts. So that if the plaintiff's action had been tried at the term of the court at which it was settled, the pecuniary loss of the husband would have been excluded from the consideration of the jury.
The statute of 1870 did not, in respect to the plaintiff's action, attempt to change the rule of recovery; nor did it intend, I think, to change the rule of distribution. If it did, there would be the singular result of a recovery based upon the pecuniary loss of the next of kin of the testator, appropriated in whole or in part by the husband, to whom or for whose benefit no right of action was given.
I am not prepared to deny the power of the legislature, before the recovery of judgment in such an action, to change the rule of distribution, or the direction of the fund which might be recovered in it. But such legislation would be contrary to sound and recognized principles; and a construction of a statute which would deprive one class of persons of the benefit of a recovery given by a law existing when the action was commenced, and transfer it to another, would so shock the sense of justice and propriety that it should not be adopted in the absence of the clearest expression of legislative intent.
There is no such intent declared in the act of 1870. The amendment, by the terms of the act, is not to affect pending suits or proceedings.
A suit is a proceeding in a court of justice for the enforce *Page 395 
ment of a right. When this action was commenced the right of action was in the administrator, but the beneficial right to the recovery was in the next of kin; and it is not affected by the amendment of 1870.
The judgment should be affirmed, with costs.
All concur; GROVER, J., concurring in result.
Judgment affirmed.