## THE BRAZIL.

### UNITED STATES v. THE BRAZIL.
#### No. 8080.

Circuit Court of Appeals, Seventh Circuit.
April 17, 1943.

J. Albert Woll, U. S. Atty., of Chicago, Ill., Francis M. Shea, Asst. Atty. Gen., and J. Frank Staley and Allan B. Lutz, Attys. Department of Justice, both of Washington, D. C., for appellant.

Robt. Branand, Jr. and Edward B. Hayes, both of Chicago, Ill., for appellee.

Before MAJOR and MINTON, Circuit Judges, and LINDLEY, District Judge.

LINDLEY, District Judge.

One question only is presented by this appeal, namely, did the District Court properly dismiss the Government's libel on the ground that it was barred by the Statute of Limitations?

The libel charged that the ship "Brazil" had been sold to and was owned by claimant in contravention of 46 U.S.C.A. § 808 forbidding sale of vessels to aliens and subjecting those thus transferred to forfeiture at the suit of the United States. The defence that the action was barred, inasmuch as it had not been brought within five years from March 15, 1932, when the right of forfeiture accrued, was sustained; and the Government now insists that to have been sufficient, claimant's allegations should have included an averment that the right of action had not accrued within five years of the time when the facts were discovered.

The act governing limitation of actions to recover forfeitures generally, 28 U.S.C.A. § 791, reads thus: "No suit or prosecution for any penalty or forfeiture, pecuniary or otherwise, accruing under the laws of the United States, shall be maintained, except in cases where it is otherwise specially provided, unless the same is commenced within five years from the time when the penalty or forfeiture accrued." The act under which the government proceeded in filing the libel, 46 U.S.C.A. § 836, provides that "All forfeitures incurred under the provisions of this chapter may be prosecuted in the same court, and may be disposed of in the same manner, as forfeitures incurred for offenses against the law relating to the collection of duties." This enactment, says libellant, is a "special provision," within the language of 28 U.S.C.A. § 791 above quoted, removing the suit from the general limitation and fixing as the bar that provided by the Customs Act, 19 U.S.C.A. § 1621, as follows: "No suit or action to recover any pecuniary penalty or forfeiture of property accruing under the customs laws shall be instituted unless such suit or action is commenced within five years after the time when the alleged offense was discovered."

Thus our narrow question is, is the language of Sec. 836 of the Shipping Act sufficient to accomplish incorporation therein of the limitations of Sec. 1621 of the Customs Act by way of reference,—does it constitute a special provision such as is contemplated by Sec. 791 of the general limitations act? "Specially" means "specifically" (58 C.J. 822), "unmistakably" (Oxley Stave Co. v. Butler County, 166 U.S. 648, 17 S.Ct. 709, 41 L.Ed. 1149) "particularly" (Funk & Wagnall's Standard Dictionary), and "clearly and unmistakably" (State of Montana v. Rice, 204 U.S. 291, 27 S.Ct. 281, 51 L.Ed. 490). The incorporation by reference of another statute will not render the incorporating act less particular or less specific, if the interpolated statute is clear and the incorporating act is likewise clear.

We think it obvious that it was the intent of the Congress, by the language of Sec. 836, to prescribe for enforcement of forfeitures under the Shipping Act, the remedies, procedure and limitations applicable to forfeitures under the Customs Act. The provision that all forfeitures incurred may be "prosecuted" and "disposed of," in "the same court" and "in the same manner," to us plainly connotes that the causes of action under the two acts, the venue, the method of recovery, the procedure and the court's disposition shall be identical. If a forfeiture could be awarded under the first, it is to be allowed under the second; if it is barred under the first, it is to be barred under the second. The House Report (No. 568, 65th Congress, 2d Session) so indicates in these words: "Section 38 prescribes the method of prosecuting forfeitures, bringing it into uniformity with the practice under the customs laws

and the navigation laws. This section is applicable to all forfeitures under the Act, in normal times as well as in times of war or emergency." And such was the interpretation given an analogous statute, 46 U.S.C.A. § 328, in The Chiquita, D.C., 41 F.2d 842; United States v. Davidson, 1 Cir., 50 F.2d 517; Jackman v. United States, 1 Cir., 56 F.2d 358; The Tahoma, 9 Cir., 87 F.2d 349.

■ "Prosecution" includes commencing, conducting and carrying a suit to a conclusion in a court of justice. Cohens v. Commonwealth of Virginia, 19 U.S. 264, 408, 5 L.Ed. 257; Buecker v. Carr, 60 N. J.Eq. 300, 47 A. 34, 36. "To dispose" of a matter is to arrange or settle it finally; to determine the fate or fix the condition of; to finish with; to adjust, settle and determine a matter. To prescribe the manner of disposition of the statutory right to forfeiture, therefore, is to prescribe whether a cause of action exists, when it comes into existence, when it ripens and when it dies, by way of legal limitation, and, finally, to settle it. Prosecution and disposition of a case, therefore, are not two separate and isolated acts, but rather two closely related functions, exercise of each of which is necessary to full attainment of the desired result of a law suit. Thus, when Congress provided that forfeitures under the Shipping Act may be prosecuted in the same court, and disposed of in the same manner as provided in the Customs Act, we can not conceive that it intended to include only the method of prosecution and to preclude the method of disposition.

■ It is asserted by claimant that the statute means merely that forfeitures may be prosecuted in the same court as those under the customs laws, but that the proceeds realized as a result of an adjudged forfeiture may be disposed of by the Government's administrative authorities in the same manner as under the customs laws. We do not feel, however, that the term "disposed of" is to be limited merely to the disposition to be made of forfeited property, but rather that it also includes the method of disposition by the court of the case prosecuted before it.

■ We conclude that the applicable limitation is that provided in the Customs Act, 19 U.S.C.A. § 1621. Accordingly the judgment is reversed with directions to proceed in accord with the announcements herein contained.