John Lee **HARLAN**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 41391.

Court of Criminal Appeals of Texas.

July 10, 1968.

Sam Bass, Freeport, for appellant.

Ogden Bass, Dist. Atty., Wallace N. Shaw, Asst. Dist. Atty., Angleton, and Leon B. Douglas, State's Atty., Austin, for the State.

OPINION

DICE, Judge.

The conviction is for driving while intoxicated; the punishment, five days in jail and a fine of $125.

The appellant's brief appearing in the record was not filed with the clerk of the trial court within the time prescribed by Art. 40.09, Sec. 9, Vernon's Ann.C.C.P., and the grounds of error set forth therein are not before us for review.

Under the record, this court's review is limited to any unassigned error which, in its opinion, should be reviewed in the interest of justice. Art. 40.09, Sec. 13, C.C.P.; Castillo v. State, Tex.Cr.App., 421 S.W.2d 112.

We will consider as unassigned error two grounds urged by appellant in his brief.

The first ground of error reads as follows:

"The Court committed a material error in that the Court failed to dismiss the complaint and information because the Defendant was denied his constitutional rights in that the Defendant was confined to jail without being taken forthwith before a magistrate after his arrest and given proper warning of his constitutional and legal rights and was thereby restrained in [sic] his liberty without due process of law."

It should first be pointed out that no written motion to quash was made by appellant, as required by Art. 27.10, C.C.P.

 Further, this court has held that the failure to take an accused before a magistrate after his arrest, as required by Art. 14.06, does not vitiate an indictment.[1] Johnson v. State, Tex.Cr.App., 379 S.W.2d 329.

The ground of error is overruled.

Appellant's second ground of error is as follows:

"The Defendant was denied the right, privilege and opportunity to have a chemical test for intoxication, after Defendant's request therefor, which thereby deprived the Defendant of his right to equal protection under the *constituiton* of the State of Texas and the *constitution* of the United States of America."

There is nothing in the record which shows that appellant is indigent.

Appellant testified that after his arrest he asked the officers to give him a sobriety test but that it was not given.

Arresting officer Kullick testified that he did not remember appellant making such request, and stated, " * * * I don't believe he did."

There is nothing in the record which indicates that appellant requested permission to call a physician to make a test for alcohol in his system. Had he requested permission to have such a test made at his own expense and the same been refused, a most serious question would be presented. See: Annotation: "Constitutional right of one charged with intoxication to summon a physician at accused's own expense to make test for alcohol in system." 78 A.L.R.2d 905.

 We do not agree with appellant that the mere failure to take him before a magistrate for a period of twelve hours (from approximately nine o'clock at night, when he was arrested, until nine o'clock the fol-

lowing morning) shows that he was denied the right to obtain a sobriety test at his own expense.

The ground of error is overruled.

The judgment is affirmed.

---

1. Art. 14.06, as presently amended, requires that the person making the arrest "shall take the person arrested or have him taken without unnecessary delay before the magistrate * * *."