542 P.2d 407

**STATE of Arizona ex rel. James D. WEBB, City Attorney for the City of Tucson, Petitioner,**

**v.**

**CITY COURT OF the CITY OF TUCSON, PIMA COUNTY, State of Arizona, Gilbert Veliz, Magistrate thereof, and Michael Wayne HAMM, the Real Party in Interest, Respondents.**

**No. 2 CA–CIV 1998.**

Court of Appeals of Arizona, Division 2.

Nov. 18, 1975.

See also Ariz.App., 542 P.2d 410.

James D. Webb, City Atty. by Oliver M. Transue, Asst. City Atty., Tucson, for petitioner.

Risner, Wolf & Raven by William J. Risner, Tucson, for respondents.

OPINION

HOWARD, Chief Judge.

Petitioner seeks special action relief from an order of the respondent court dismissing a pending prosecution of Mr. Hamm for driving while intoxicated.[1]

---

1. The order in fact reflects that the trial date was vacated and the matter continued until a date certain so as to permit the prosecutor to file a special action. The respondent court indicated that in the event that no further action was taken by the prosecutor by the designated date, the case would be dismissed. The prosecutor did seek review by way of

The pertinent facts are set forth in the court's order:

"Upon consideration of the fact and memorandums of law submitted in this case, the Court finds that the police officers by denying the defendant an opportunity to contact his attorney, though several requests were made, until after the defendant was taken to the County Annex at Silverbell Road was a denial of due process. The defendant was required to take field sobriety tests at the scene, then driven to the main police station where a breathalyzer examination was conducted. Defendant asked to call his attorney before the field test, during the ride to the police station and before the breathalyzer examination was conducted. This is not to say that any of these tests should have been delayed until the defendant's lawyer was present. Instead considering the transitory nature of alcohol in the blood system, an opportunity should have been given to the defendant to attempt to obtain evidence, chemical or otherwise, as close to the time of the alleged offense as possible. This could only have been done by permitting the defendant to make his call. If the defendant had been permitted to make a call at the police station either immediately before or after the breathalyzer examination was conducted, this perhaps would have given the defendant such an opportunity. It is the Court's opinion that if the procedure followed by the police officers in this case is approved, there is always a delay of different lengths in transporting the defendant from the area of the breathalyzer to the area of confinement. Such a delay will affect the value of any evidence that the defendant can obtain to counter both the chemical and other objecture [sic] evidence that has been gathered by the police. If only the chemical evidence is excluded, the police officers will still have their observations regarding the defendant's actions at the scene and the field sobriety tests. These tests to a certain degree are subjective in nature. The defendant should be given an opportunity, if he requests, to contact a lawyer so that observations can be made as close as is reasonably possible to the time of the alleged offense so that he could counter the police subjective observations."

Our reading of this order leads us to conclude that the respondent court was of the opinion that the police officers, in requiring Mr. Hamm to wait until he arrived at the jail facility to make his phone call, denied him the right to attempt to gather evidence which would assist him in his defense. A number of other jurisdictions have held that while the state is not required to provide an accused with a blood test, it may not unreasonably prohibit him from trying to obtain, at his own expense, a blood or other scientific test for the purpose of attempting to establish his sobriety at the crucial time. *Scarborough v. State*, 261 So.2d 475 (Miss.1972) cert. denied 410 U.S. 946, 93 S.Ct. 1353, 35 L.Ed. 2d 613 (1973); *State v. Snipes*, 478 S.W.2d 299 (Mo.1972) cert. denied 409 U.S. 979, 93 S.Ct. 332, 34 L.Ed.2d 242 (1972); *People v. Burton*, 13 Mich.App. 203, 163 N. W.2d 823 (1968); *Harlan v. State*, 430 S. W.2d 213 (Tex.Cr.App.1968); *In re Newbern*, 55 Cal.2d 508, 11 Cal.Rptr. 551, 360 P.2d 47 (1961); *In re Koehne*, 54 Cal. 2d 757, 8 Cal.Rptr. 435, 356 P.2d 179 (1960); *State v. Munsey*, 152 Me. 198, 127 A.2d 79 (1956); *State v. Johnson*, 87 N. J.Super. 195, 208 A.2d 444 (1965); *City of Tacoma v. Heater*, 67 Wash.2d 733, 409 P. 2d 867 (1966).

These decisions recognize that since the bodily processes, will, within a brief time, reduce the blood alcohol level to the point where an untimely blood test will be of little probative value on the issue of the accused's condition at the crucial time, incommuni-

special action in superior court within the designated time period. Relief was denied on August 25, 1975, and in lieu of appealing

from the order denying relief, petitioner commenced this special action proceeding.

cado detention under such circumstances violates due process because it amounted to a suppression of potentially exculpatory evidence. See *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). These cases hold, that while the state is not required to provide an accused with a scientific test, it may not unreasonably prevent him from attempting to obtain one at his own expense.

■ We agree that the Fourteenth Amendment's "fair play" doctrine requires that when one charged with a criminal offense of which a physical condition or state of the accused is an element, and when such physical condition or state is subject to change with the passage of time to the extent that evidence thereof may be lost unless preserved within a relatively brief period of time, the accused is denied due process of law if he is held incommunicado and the authorities deny his request to be allowed to attempt to arrange by telephone, or other appropriate means of communication, for scientific tests which would be reliably indicative of the physical condition or state in question at the crucial time. Also, incommunicado detention of persons charged with such offenses may result in their being deprived of the opportunity to obtain non-police witnesses who could testify as to their condition at the crucial time.

In the case sub judice, we do not have the situation where an accused was deprived of an opportunity to have an objective test of his sobreity. It is our understanding that two objective tests are commonly accepted as reliable indicators of sobriety. These are the blood test or Blood Alcoholic Content Test, and the Intoximeter, or deep lung breath test. Mr. Hamm was taken to the police station after his arrest and the breath test was administered pursuant to A.R.S. Sec. 28–691(A). A.R.S. Sec. 28–692(F) provides:

"The person tested may have a physician or a qualified technician, chemist, regis-

tered nurse or other qualified person of his own choosing administer a chemical test or tests in addition to any administered at the direction of a law enforcement officer. . . ."

Mr. Hamm was advised by a police officer that he had a right to this additional test. He did not, however, indicate that he was desirous of having an additional test performed.

■ ■ As pointed out in *State v. Superior Court*, 107 Ariz. 332, 334, 487 P.2d 399 (1971), the clear intent of A.R.S. Sec. 28–692(F) is to provide a defendant with an opportunity to secure full medical information if he so desires. Mr. Hamm did not indicate his desire to avail himself of this opportunity. Instead, he requested that he be allowed to telephone his attorney. He was not entitled to the assistance of counsel in deciding whether or not to submit to the breathalyzer test, *Campbell v. Superior Court*, 106 Ariz. 542, 479 P.2d 685 (1971). The right to counsel attaches at a "critical stage" in a criminal proceeding. *Hamilton v. State of Alabama*, 368 U.S. 52, 82 S.Ct. 157, 7 L.Ed.2d 114 (1961). In *City of Tacoma v. Heater*, supra, a case relied upon by Mr. Hamm, the Washington Supreme Court pointed out that it was essential to the effective preparation of his defense that the defendant be permitted to communicate with his attorney immediately after he was charged, in order to secure assistance of counsel in the pretrial period.[2] Mr. Hamm's request to telephone his attorney was honored at the time of booking at the jail. We therefore find no denial of his right to counsel.

■ Under these circumstances, we are of the opinion that Mr. Hamm was not denied a reasonable opportunity to prepare a defense. An objective test of his sobriety was performed and he was advised as to his option concerning administration of another test. That he failed to take advantage of the alternative which was available to

**2.** In that case, a police department regulation authorized police officers to prohibit a person charged with driving while intoxicated from

personally making a telephone call before four hours had elapsed after his arrest.

him was a matter of his own choice. The officers were not required to make arrangements for him, without his request, and therefore a logical conclusion is that he did not desire an additional test. The choice was his and his alone.

We hold that the respondent court erred in dismissing the prosecution. The order of dismissal is vacated with directions to proceed in conformity with this opinion.

KRUCKER and HATHAWAY, JJ., concur.