**Oral G. WHEELER, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

**No. 84–10.**

Supreme Court of Wyoming.

Sept. 11, 1985.

George R. Kuvinka, of Kuvinka and Kuvinka, Jackson, for appellant.

A.G. McClintock, Atty. Gen., Gerald A. Stack, Deputy Atty. Gen., John W. Renneisen, Senior Asst. Atty. Gen., and Michael A. Blonigen, Asst. Atty. Gen., for appellee.

Before THOMAS, C.J., and ROSE, ROONEY, BROWN and CARDINE, JJ.

BROWN,* Justice.

Appellant Oral G. Wheeler was convicted of driving while under the influence of intoxicating liquor, an offense proscribed by § 31–5–233(a), W.S.1977. The district court affirmed the justice court conviction. We will affirm the district court.

The issues for review are:

## I

Did the appellant have a statutory or constitutional right to counsel at the time he agreed to take a breathalyzer test, and was he afforded due process?

## II

Are the test results rendered invalid because the Department of Health and Social Services had not promulgated rules and regulations pursuant to the WAPA governing the approval of testing procedures for the determination of the alcohol content of blood, breath or urine?

At approximately 9:00 p.m. on October 3, 1982, two deputies from the sheriff's office observed appellant speeding and weaving as he was operating his motor vehicle. After appellant stopped, the officers noted the odor of alcohol about his person; he performed poorly on the field sobriety tests. The officers arrested appellant for driving while under the influence and read him his *Miranda* rights. They also advised him concerning the implied consent statute. Appellant waived his right to an attorney and other *Miranda* rights and indicated that he wanted to take the breathalyzer test because he felt he was not intoxicated. He was taken to the Teton County jail, booked and given the breathalyzer test.

In the meantime, unknown to appellant, the passenger in his car notified one of appellant's friends, who then telephoned appellant's attorney. The attorney telephoned the jail twice and spoke to one of the arresting officers, requesting to speak

with appellant to advise him concerning the breathalyzer test. The officer would not allow the attorney to speak to appellant and did not inform appellant of the attorney's calls until after the tests had been administered. The breathalyzer test was given approximately ten minutes after the attorney's second call. Appellant never did request an attorney, and expressly waived his right to consult an attorney when he waived his *Miranda* rights.

Before trial appellant filed a motion in justice court seeking to suppress evidence of the breath test results. After a hearing the motion was denied. A trial was held on July 19, 1983, before the Honorable Robert B. Brodie, sitting without a jury. At trial, the sole issue in dispute concerned the admissibility of the results of the breath test. Consistent with his earlier ruling, the justice court admitted the results of the breath test into evidence, considered the "Agreed Statement" of the case, and found appellant guilty of DWUI. Appellant appeals the district court's order affirming the justice court.

## I

The presence of an attorney during a breathalyzer test has never been addressed by this court, at least under the circumstances of this case. Other courts, however, have looked at this problem.

In *State v. Blanford*, Iowa, 306 N.W.2d 93 (1981), appellant had been charged with attempted murder of his mother-in-law and father-in-law and with burglary. The court found that appellant had unequivocally waived his right to counsel and noted:

" * * * We believe the trial court properly held that a suspect's request for counsel must be honored; a lawyer's request for a client need not be. * * * " Id., at 96.

In a Pennsylvania case involving third degree murder charges, the defendant had waived his *Miranda* rights and never

asked for an attorney during questioning. The court emphasized that even a person who is represented can waive his right to counsel; the fact that an attorney tried to make contact did not change this. *Commonwealth v. Yates*, 467 Pa. 362, 357 A.2d 134 (1976).

In *State v. Chase*, 55 Ohio St.2d 237, 9 Ohio Op.3d 180, 378 N.E.2d 1064 (1978), the defendant was given his *Miranda* warnings twice and waived his rights both times. In addition he declined an offer to speak with someone besides the police officers. The defendant never asked for an attorney and replied "no" when asked if he wanted an attorney. In the meantime, two attorneys were denied access to the defendant. The court found a voluntary waiver and no denial of the defendant's right to counsel. See also, *People v. Gott*, 117 Cal. App.3d 125, 173 Cal.Rptr. 469 (1981), wherein the court expressly held that the public defender had no right of access to see an unrepresented defendant who had not requested an attorney.

■ These cases are in accord with the traditional view that the right to be represented by counsel focuses on the right of an accused to have counsel, and not on the right of an attorney to have access to his client. *Beltram v. Appellate Department of Superior Court for Los Angeles County*, 66 Cal.App.3d 711, 136 Cal.Rptr. 211 (1977). Arizona holds that an accused is not entitled to assistance of counsel in deciding whether to submit to the breathalyzer test. *State ex rel. Webb v. City Court of Tucson, Pima County*, 25 Ariz.App. 214, 542 P.2d 407 (1975). Also, we find no constitutional right to counsel before an accused decides whether or not to submit to the breathalyzer test. See *Svedlund v. Municipality of Anchorage*, Alaska App., 671 P.2d 378 (1983); *Gibbs v. State*, Ind. App., 444 N.E.2d 893 (1983); *State v. Jones*, Me., 457 A.2d 1116 (1983).[1]

---

1. There are cases which hold that law enforcement officials must inform a suspect of his attorney's attempts to contact him. *State v. Matthews*, La., 408 So.2d 1274 (1982); *Common-* *wealth v. McKenna*, 355 Mass. 313, 244 N.E.2d 560 (1969); *State v. Haynes*, 288 Or. 59, 602 P.2d 272 (1979), cert. denied, 446 U.S. 945, 100 S.Ct. 2175, 64 L.Ed.2d 802 (1980).

■ The Model Code of Prearraignment Procedure, A.L.I. 1975, recommends that an attorney should be given information on an arrested person's location (§ 130.1(6)), and that an attorney undertaking to represent an accused should have prompt access to that person (§ 140.7(1)). It is commendable practice for police officers to notify a person in custody of an attorney's attempts to reach him regardless of whether or not he has formally waived a right to counsel, or whether or not a right to counsel has attached. Under the circumstances here, putting appellant in touch with his attorney would not have unduly impeded the blood alcohol testing by the police officers. Nevertheless, it was not error to refuse the attorney's access to his client.

The rule in Wyoming is that there is no constitutional or statutory right to consult with counsel before making the decision whether to submit to the breathalyzer test. We agree with the court's holding in *Flynt v. State,* Okl.Crim.App., 507 P.2d 586, 589 (1973):

"* * * Whether or not to consent to the test is a simple decision not requiring legal knowledge, but simply a 'yes' or a 'no' answer. We hold that there is no right to the presence of an attorney in deciding whether or not to submit to the alcohol-blood level test. * * *"

■ We hold, therefore, that when an accused has made no request for an attorney, there is no independent right of an attorney to contact his client.

## II

■ Appellant next argues that because the methods for chemical sobriety testing approved by the Department of Health and Social Services (hereinafter D–HSS) have not been registered with the secretary of state in accordance with the rule-making requirements of the Wyoming Administrative Procedure Act (WAPA), the evidence of the test results should have been suppressed. Section 31–6–105(a), W.S.1977 (November 1984 Replacement), provides in pertinent part:

"(a) Chemical analysis * * * shall have been performed according to the methods approved by the division of health and medical services of the department of health and social services * * *."

The testing procedures utilized by the officers in this case had in fact been approved by D–HSS. However, appellant would have us apply the rule-making requirements of the WAPA to the chemical-testing procedures. Section 16–3–102(b), W.S.1977 (October 1982 Replacement), provides that no rule shall be valid until it is filed with the registrar of rules, and § 16–3–104, W.S.1977 (October 1982 Replacement), sets forth the filing requirements. The crux of appellant's argument is that because the methods were approved without rule-making procedures and were not filed with the secretary of state, the results cannot be used against him.

Appellant relies upon § 16–3–101(b)(ix), W.S.1977 (October 1982 Replacement):

"(ix) 'Rule' means each agency statement of general applicability that implements, interprets and prescribes law, policy or ordinances of cities and towns, or describes the organization, procedures, or practice requirements of any agency. The term includes the amendment or repeal of a prior rule, but does not include:

"(A) Statements concerning only the internal management of an agency and not affecting private rights or procedures available to the public; or

"(B) Rulings issued pursuant to section 6 [§ 16–3–106] of this act; or

"(C) Intragency memoranda; or

"(D) Agency decisions and findings in contested cases; or

"(E) Rules concerning the use of public roads or facilities which are indicated to the public by means of signs and signals; [or]

"(F) Ordinances of cities and towns."

Appellant claims that the "approved methods" constitute a rule because the methods are 1) a statement of general applicability, 2) a departmental procedure, and 3) implement, interpret and prescribe both law and policy. Appellant cites no

authority for any of these assertions. It is not necessary for us to decide whether the methods approved by D–HSS under § 31–6–105(a), qualify as a rule under the WAPA since the Act does not require that every rule be promulgated pursuant to rule-making requirements. Section 16–3–102(a)(i), W.S.1977 (October 1982 Replacement), provides that the agency shall adopt the rules of practice for contested cases. See *Yeik v. Department of Revenue and Taxation*, Wyo., 595 P.2d 965 (1979). Here, appellant makes no claim that a contested case is involved. Section 16–3–102(a) also provides that the agency shall comply with the rule-making requirements imposed by law. Even assuming that the WAPA applies, appellant cites no authority for the proposition that the departmental approval of methods must comply with rule-making imposed by law. There is no such requirement in § 31–6–105(a). Therefore, the justice court's refusal to suppress the results of the breath test on the ground that the methods had not been filed with the secretary of state was not error.

In summary, we hold that any right to be represented by counsel is a right enjoyed by the accused and not a right that can be expanded to an attorney having access to his client. Appellant had no constitutional or statutory right to consult counsel before the administration of the breathalyzer test and his consent to the breathalyzer test was consistent with due process. We also hold that where the agency has approved the method of testing, failure of D–HSS to promulgate rules governing chemical testing results pursuant to the WAPA does not invalidate the breathalyzer test results.

Affirmed.