(868 P.2d 1245)
No. 69,762

STATE OF KANSAS, *Appellee*, v. MILES S. GRAHAM, *Appellant*.

Opinion filed February 25, 1994.

*John C. Donham*, of Overland Park, for appellant.

*Donald W. Hymer, Jr.*, assistant district attorney, *Rebecca D. Brock*, assistant district attorney, *Paul J. Morrison*, district attorney, and *Robert T. Stephan*, attorney general, for appellee.

Before GREEN, P.J., BRAZIL, J., and MARION W. CHIPMAN, District Judge Retired, assigned.

CHIPMAN, J.: Miles S. Graham, defendant, appeals the judgment of the trial court determining him to be a habitual violator under K.S.A. 8-285.

The State filed a petition seeking to have defendant designated a habitual violator in accordance with K.S.A. 8-285. At the hearing, the State offered into evidence an exhibit detailing each of defendant's traffic convictions along with the relevant cite to each statute or ordinance violated by defendant. The trial court admitted this exhibit into evidence without any objection from de-

fendant. The State, however, failed to either attach to the exhibit or separately introduce into evidence a copy of each ordinance that defendant violated. Nevertheless, the State called defendant as a witness, and he testified as to the date of each conviction, his entry of a guilty plea to each offense, and the name of each court where the charge was prosecuted. When the State rested its case, defendant moved for a directed verdict, claiming the State had failed to prove the municipal ordinances were those very acts enumerated in K.S.A. 1992 Supp. 8-262 and K.S.A. 8-1567.

The State argued the abstracts of conviction showed the municipal ordinances were similar to the Kansas statutes. The trial court, however, denied defendant's motion, stating defendant admitted under oath he committed the offenses and three or more of the convictions fit within the K.S.A. 8-285 definition of habitual offender. Defendant timely appeals this decision.

Because we are asked to interpret certain statutes, this is a question of law. See *State v. Donlay*, 253 Kan. 132, 853 P.2d 680 (1993). "When determining a question of law, [appellate courts are] not bound by the decision of the district court." *Memorial Hospital Ass'n, Inc. v. Knutson*, 239 Kan. 663, 668, 722 P.2d 1093 (1986).

K.S.A. 8-285 provides in part:

"Except as otherwise provided in this section, as used in this act, the words and phrases defined in K.S.A. 8-234a and amendments thereto shall have the meanings ascribed to them therein. The term 'habitual violator' means any resident or nonresident person who, within the immediately preceding five years, has been convicted in this or any other state:

(a) Three or more times of:

. . .

(2) violating K.S.A. 8-1567 and amendments thereto, or violating an ordinance of any city in this state or any law of another state, which ordinance or law declares to be unlawful the acts prohibited by that statute;

(3) driving while the privilege to operate a motor vehicle on the public highways of this state has been canceled, suspended or revoked, as prohibited by K.S.A. 8-262 and amendments thereto or as prohibited by any ordinance of any city in this state or any law of another state which is in substantial conformity with that statute."

Defendant concedes two of his convictions were proper for consideration in the habitual violator determination but asserts the

convictions under Olathe and Prairie Village ordinances were improperly utilized as a basis for declaring him a habitual violator. Defendant claims the State failed to prove the ordinances ·of Olathe and Prairie Village proscribed the same or similar acts as those proscribed by K.S.A. 1992 Supp. 8-262 and K.S.A. 8-1567. The State counters by claiming that because defendant failed to object to the admission of the State's only exhibit, he waived consideration of the issue by this court. Alternatively, the State maintains the trial court's decision adjudicating defendant a habitual violator was proper because the city ordinances for driving under the influence and driving with a suspended license are in substantial conformity with K.S.A. 1992 Supp. 8-262 and K.S.A. 8-1567.

K.S.A. 8-2001 sets forth the underlying principle to govern Kansas traffic law. It states: "The provisions of this act shall be applicable and uniform throughout this state and in all cities and other political subdivisions therein, and no local authority shall enact or enforce any ordinance in conflict with the provisions of this act unless expressly authorized." In light of this provision, we must consider all city traffic ordinances of this state to be uniform and in substantial conformity with the equivalent state traffic statutes. Accordingly, a city traffic ordinance of this state shall be accorded a presumption of substantial conformity with its equivalent state statute until shown otherwise.

Consequently, when a person is prosecuted as a habitual traffic violator and claims the act or acts proscribed by a city traffic ordinance of this state under which the person has been previously convicted are not the same or similar to acts as proscribed by K.S.A. 1992 Supp. 8-262 or K.S.A. 8-1567, the person shall bear the burden of making a prima facie showing of the nonconformity of the city ordinance with the state statute.

Therefore, because defendant failed to make a prima facie showing of the nonconformity of the Olathe and Prairie Village ordinances with the state statutes, we must presume the city ordinances are in substantial conformity with the state statutes. Consequently, when the two traffic convictions occurring in Olathe and Prairie Village are added to the two traffic convictions defendant concedes, a total of four traffic convictions exists, one more than required to convict defendant as a habitual violator.

Affirmed.