(826 P.2d 520)

No. 66,25█

JORGE A. PEREZ, *Appellant*, v. IBP, INC., *Appellee*.

Opinion filed October 4, 1991. 

*Stanley R. Ausemus*, of Emporia, for appellant.

*Michael W. Downing*, of Emporia, for appellee.

Before GERNON, P.J., BRAZIL and DAVIS, JJ.

GERNON, J.: In this workers compensation appeal, Jorge A. Perez appeals the confirmation of a permanent partial disability award by the district court.

Perez was injured in a fall while working at IBP, Inc. He testified that his injuries have prevented him from engaging in any type of employment since he left IBP several weeks after the accident. He was examined by two physicians and a vocational rehabilitation consultant. The vocational rehabilitation consultant utilized a computer which contained the Dictionary of Occupational Titles, worker-trait factors. The consultant concluded that, prior to the injury, Perez was capable of performing 9,487 different jobs available in Kansas; but, after the injury, he was capable of performing only 4,351 different jobs.

The administrative law judge made an award to Perez with the following findings:

"Taking into consideration the entire record made in this matter, it is found that, as a result of the claimant's accidental injury sustained on January 22, 1988, he possesses 8% permanent partial disability to the body as a whole. Dr. Delgado's testimony is considered to be the credible medical evidence in this matter. The claimant has not proved by a preponderance of credible evidence that he has sustained any loss of ability to perform work in the open labor market and to earn comparable wages. Therefore, the claimant must be limited to the functional disability in so far as comtion benefits [are] concerned."

The director of workers compensation affirmed the administrative law judge's award in all aspects, finding that Perez had not proved that he suffered from any work disability or that his functional disability was greater than the 8% awarded. After a timely petition by Perez, the district court conducted a de novo review of the record and found that Perez had suffered a permanent partial functional impairment of 12% of the body as a whole, but also found no work disability. Perez appeals the district court's findings.

The standard of review for a workers compensation case was recently repeated by our Supreme Court in *Hughes v. Inland Container Corp.*, 247 Kan. 407, 799 P.2d 1011 (1990):

"In a workers compensation proceeding, the claimant has the burden of proof to establish her right to an award of compensation and to prove the various conditions on which the claimant's right depends. K.S.A. 1989 Supp.

44-501(a). The burden of proof is 'the burden of a party to persuade the trier of facts by a preponderance of the credible evidence that such party's position on an issue is more probably true than not true on the basis of the whole record.' K.S.A. 1989 Supp. 44-508(g). The scope of review by a district court in a workers compensation case is by trial de novo on the record. The district court hears no new or additional evidence, but makes an independent adjudication of the facts and law based upon the transcript of the proceedings before the director of workers compensation. [Citation omitted.]

"In an appeal from the district court in a workers compensation case, the scope of review by an appellate court is to determine whether the district court's judgment is supported by substantial evidence. The evidence is viewed in the light most favorable to the party prevailing below, and, if substantial evidence supports the district court's factual findings, the appellate court does not reweigh the evidence or reverse the final order of the district court." 247 Kan. at 410.

Simply put, Perez failed to carry his burden of proof on the work disability issue. The district judge noted in his decision that Perez worked five hours the day after the accident, apparently worked a full shift in each of the next three days, and worked a total of 33 out of 57 possible work days after the accident before he was fired for poor attendance.

K.S.A. 1990 Supp. 44-510e(a) creates a presumption that no work disability exists under circumstances where the worker returns to the same work, for the same wage, after an injury.

Given the record before us and given our standard of review, together with the presumption contained in K.S.A. 1990 Supp. 44-510e(a), we conclude that there is a substantial basis for the trial court's finding of no work disability and, therefore, we affirm.

Affirmed.