(993 P.2d 1246)

No. 82,053

WETONA M. NIESZ, *Appellee*, v. BILL'S DOLLAR STORES, and LUMBERMAN'S UNDERWRITING ALLIANCE, *Appellants*.

—

Opinion filed December 23, 1999.

*Denise E. Tomasic* and *Kathleen M. Lynch*, of Mustain, Higgins, Kolich, Lysaught & Tomasic, Chartered, of Kansas City, for appellants.

*James M. Crowl*, of Dickson & Pope, P.A., of Topeka, for appellee.

Before MARQUARDT, P.J., ELLIOTT, J., and STEPHEN R. TATUM, District Judge, assigned.

MARQUARDT, J.: Bill's Dollar Stores (Bill's) and Lumberman's Underwriting Alliance (Lumberman's) appeal a decision of the Workers Compensation Board (Board) awarding Niesz a 60 percent work disability.

Niesz, a manager at Bill's, was injured on February 12, 1996, when she pulled a box off a shelf. Niesz notified her supervisor and sought treatment for the injury. Niesz reinjured her back at work on April 11, 1996.

Lumberman's sent Niesz to Dr. Miskew for treatment. On May 29, 1996, Dr. Miskew released Niesz to light duty work with no lifting over 10 pounds. Dr. Miskew determined that Niesz suffered from a 1 percent permanent impairment of the body as a whole

with a 10.5 percent task loss. Niesz also saw Dr. Steven Hendler who determined that Niesz had a 5 percent functional impairment.

Bill's allowed Niesz to perform light duty work. Niesz went to the store at night to do paperwork and performed other activities within her work restrictions.

In June 1996, a customer wrote a letter to Bill's home office stating that Niesz "does not possess any sort of desirable people skills. She is rude, unfriendly and makes people feel very uncomfortable to shop in the store." The customer also stated that Niesz had humiliated her 15-year-old daughter in front of other customers and left the store in tears. Two boys wrote the local newspaper and said that Niesz said: "You kids can not shop in the store without your parents." A woman also wrote the local newspaper saying that Niesz "got quite testy with me and refused to take my check because my driver's license was from out of the state." Niesz' employment with Bill's was terminated on July 1, 1996. After her termination, Niesz attempted to find other employment at approximately 40 places. Niesz has been unable to find work. She testified that some of the business owners were concerned about the condition of her back.

Niesz filed an application for hearing with the Division of Workers Compensation on August 9, 1996. The administrative law judge (ALJ) determined that Niesz suffered compensable injuries and gave her a permanent partial impairment of 5 percent. The ALJ ruled, however, that because Niesz continued to work after her second injury, she was precluded from a work disability rating. The ALJ cited K.S.A. 1998 Supp. 4-510e(a) and awarded Niesz the full amount of unauthorized medical expenses, prescription, and mileage costs.

Niesz filed an application for review, claiming she should receive a work disability award. The Board determined that Niesz should be given a 60 percent work disability beginning July 1, 1996, which was the date of her termination, pursuant to K.S.A. 1998 Supp. 44-510e(a). Bill's appeals the Board's decision.

Bill's contends the Board ignored Niesz' ability to earn wages. Bill's argues that when accommodated work is made available at

comparable wages, and the work is no longer available due to the fault of the claimant, a work disability rating should be denied.

Appellate review of agency actions is limited to questions of law. *Gleason v. Samaritan Home*, 260 Kan. 970, 976, 926 P.2d 1349 (1996). The court's interpretation of a statute is a question of law over which appellate review is unlimited. See *State v. Donlay*, 253 Kan. 132, 133-34, 853 P.2d 680 (1993).

An employee is not entitled to receive permanent partial general disability compensation in excess of the percentage of functional impairment as long as the employee is engaging in any work for wages equal to 90% or more of the average gross weekly wage that the employee was earning at the time of the injury. K.S.A. 1998 Supp. 44-510e(a).

This court analyzed K.S.A. 1998 Supp. 44-510e(a) in *Lee v. Boeing Co.*, 21 Kan. App. 2d 365, 899 P.2d 516 (1995). Lee was injured and missed approximately 7 months of work. He returned and performed accommodated duties until he was laid off 16 months later for economic reasons. The court found that, under the plain language of the statute, a claimant may be entitled to a work disability if he or she stops earning 90 percent of their average gross weekly wage. 21 Kan. App. 2d at 371.

The *Lee* decision was clarified by *Watkins v. Food Barn Stores, Inc.*, 23 Kan. App. 2d 837, 936 P.2d 294 (1997). Watkins was injured but returned to work and performed the same work for the same wage. Watkins lost his job when the store was sold. This court found that Watkins was not entitled to a work disability rating. 23 Kan. App. 2d at 839-40. The court explained that placing an injured worker in an accommodated job artificially avoids work disability by allowing the employee to retain the ability to perform work for a comparable wage. Once an accommodated job ends, the presumption of no work disability may be rebutted. 23 Kan. App. 2d at 838-39.

The claimants in both *Lee* and *Watkins* lost their jobs due to economic circumstances. This court examined the question of whether an employee who is fired for cause is entitled to a work disability rating in *Perez v. IBP, Inc.*, 16 Kan. App. 2d 277, 826 P.2d 520 (1991). This court held that once *Perez* returned to work,

the presumption of no work disability applied. 16 Kan. App. 2d at 279.

Niesz performed accommodated work until she lost her job, as did the claimant in *Lee*. The fact that Niesz' accommodated position ended does not mean that Niesz ceased having work restrictions. Niesz' work disability made it difficult for her to find work in the open market. The presumption of no work disability does not apply because Niesz is no longer earning 90 percent of her preinjury wages. See K.S.A. 1998 Supp. 44-510e(a). These factors bring Niesz in line with the holdings of *Lee* and *Watkins*.

Bill's claims that Niesz was terminated for cause, as was *Perez*. That case may be distinguished, as there is nothing in *Perez* to indicate that the claimant worked at an accommodated position after the injury.

Niesz contacted Ed Lee, Bill's district manager, about the complaints and explained the circumstances of each of the allegations, and Lee thought that "everything that she had said sounded like she (Niesz) was the one in the right; and their response was we (Bill's) just can't have this type of thing, you know, regarding Bill's Dollar Stores and our customer service aspects of it in the newspaper."

Lee admitted that if children are being destructive in the store, the "manager has the right to ask the boys to not be present in the store without being accompanied by parents or adults." Lee also testified that Bill's had a policy to not accept a check if the customer does not have in-state identification. Niesz was never verbally counselled about these situations because Lee thought Niesz was right. Prior to Niesz' termination, she had never been told by Bill's that she had handled these situations incorrectly; yet, her termination notice stated: "Wetona, was terminated, due to not following company policy relating to customer service and several customer complaints." Lee was told that the grounds for Niesz' termination was that the complaints "ended up in the paper."

Lee testified that Bill's never investigated the complaints against Niesz and did not discuss the complaints with other Bill's employees. The instant case is distinguishable from *Ramirez v. Excel Corp.*, 26 Kan. App. 2d 139, 979 P.2d 1261 *rev. denied* 267 Kan.

889 (1999). In *Ramirez,* the claimant was terminated for failure to disclose a prior workers compensation claim on his employment application. Here, Niesz was terminated because customers had complained; however, there was no investigation into the validity of the complaints.

Bill's reliance on *Foulk v. Colonial Terrace,* 20 Kan. App. 2d 277, 887 P.2d 140 (1994) *rev. denied* 257 Kan. 1091 (1995), is misplaced. The claimant in that case refused accommodated work that was within her restrictions. See *Foulk,* 20 Kan. App. 2d at 280. The record in this case shows that Niesz accepted accommodations and continued to work until her position was terminated. Thus, *Foulk* does not apply.

The Board correctly interpreted K.S.A. 1998 Supp. 44-510e(a). The presumption of no work disability is subject to reevaluation if a worker in an accommodated position subsequently becomes unemployed. The Board noted that Niesz did not display any bad faith, but instead demonstrated a strong work ethic. The Board correctly interpreted the law, and its decision will not be overturned on appeal.

The Board determined Niesz suffered a 100 percent wage loss and a 20 percent task loss, which averages to a 60 percent work disability. Bill's claims the Board failed to address the issue of Niesz' wage earning capacity. Bill's claims the Board's decision was not supported by substantial competent evidence.

The determination of whether the Board's findings of fact are supported by substantial competent evidence is a question of law. *Gleason,* 260 Kan. at 976. This court does not reweigh the evidence or determine the credibility of the witnesses' testimony. *Guerrero v. Dold Foods, Inc.,* 22 Kan. App. 2d 53, 56, 913 P.2d 612 (1995).

Michael Dreiling, Niesz' vocational expert, testified Niesz suffered a 30 percent task loss. Gary Weimholt, Bill's vocational expert, testified Niesz suffered a 16 percent task loss. It is undisputed that Niesz has been unemployed since her termination from Bill's on July 1, 1996, suffering a 100 percent wage loss.

There is substantial competent evidence to support the Board's decision.

Affirmed.